## 13964. REEVES TRACTOR & IMPLEMENT CO. *v.* BARROW.

1. In case of a sale of a chattel, where the parties have reduced to writing what appears to be a complete and valid contract of sale, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire agreement, and parol evidence of prior or contemporaneous representations, statements, or agreements in regard to the subject-matter is inadmissible to add to, take from, or vary the written instrument. *Bond* v. *Perrin,* 145 *Ga.* 200 (1) (88 S. E. 954), s. c. 18 *Ga. App.* 179; *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267).

(*a*) The notes sued upon in this case purport on their face to show all the terms of a valid contract of sale of personalty.

(*b*) Making and violating a contemporaneous parol agreement inconsistent with the writings would not be such fraud as would permit a varying of the written instrument, even if pleaded as fraud, no sufficient reason appearing why the agreement was not incorporated in the writings. *Dyer* v. *Walton,* 79 *Ga.* 466 (2) (7 S. E. 220).

2. While the consideration expressed in a written instrument, "if it be by way of recital only, and not in such way as to constitute it a part of the terms and conditions of the contract," may be inquired into and the true consideration shown, even though different from that stated merely by way of recital, yet, regardless of whether the consideration expressed in the writings in the instant case was stated merely by way of recital, or in such manner as to constitute a part of the terms and conditions of the contract, the plea, in so far as it sought to set up a collateral parol agreement, was not a legitimate effort to inquire into the consideration of the instruments themselves, but was plainly a violation of the rule that the terms and conditions of a written contract "can not be altered under the guise of inquiring into its consideration." *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 358 (2) (96 S. E. 9).

3. " 'The law of implied warranty will not avail against patent defects, nor against latent defects which are either disclosed or are discoverable by the exercise of caution on the part of the purchaser.' *Lunsford* v. *Malsby,* 101 *Ga.* 41. 'The law imposes upon the vendee the duty of exercising caution in detecting defects; and hence it is a well-established rule, that where the defect is patent, or could have been discovered by the exercise of ordinary diligence, there can be no recovery upon the ground of implied warranty.' *Snowden* v. *Waterman,* 105 *Ga.* 387. It follows, therefore, that where goods purchased under an implied warranty that they are reasonably suited to the uses intended are accepted by the vendee, he will be precluded from pleading, in an action on the contract of purchase, a partial failure of consideration growing out of any patent defect in the goods, or latent defects which might have been discovered before the sale by the exercise of ordinary care and prudence." " Where a purchaser receives goods without inspecting them, or inspects them in a careless and indifferent manner, he will not, when sued on the contract, be

heard to set up defects which he would have discovered before the delivery and acceptance of the goods, had he used proper diligence." *Cook* v. *Finch*, 117 *Ga.* 543, 544 (44 S. E. 95, 96). Before the buyer can recover damages for the breach of an implied warranty it must be shown that his loss was caused by a latent defect. *Brooks* v. *Camak*, 130 *Ga.* 213 (1) (60 S. E. 456).

4. Accordingly, a plea by the purchaser to an action for the purchase price which merely sets forth that the property was not reasonably suited to the uses intended, without alleging that it was possessed of any latent defect, states no defense whatsoever. Furthermore, the plea did not allege any defect, either latent or patent, existing at the time of the sale (the mere general reference to a "defect" in the plow as contained in paragraph 12 of the amendment to the answer being insufficient as an allegation of a defect of any character), but only shows "that the tractor and plows bought from plaintiff *are* not reasonably suited to do the work for which they were sold and which they *are* (italics ours) intended to do." This could have reference only to the suitability at the time of the filing of the answer, which was more than twelve months from the date of the sale.

5. Under the foregoing principles, the general demurrers were improperly overruled.

6. Where, after the maturity of promissory notes given for the purchase price of personalty, the maker, for a consideration, procures an extension of the maturity of the notes, he will be held to have waived all grounds of defense of which he had knowledge at the time. *American Car Co.* v. *Atlanta Street Railway Co.*, 100 *Ga.* 254 (28 S. E. 40); *Edison Electric Co.* v. *Blount*, 96 *Ga.* 272 (23 S. E. 307); *Lowry National Bank* v. *Fickett*, 122 *Ga.* 489 (2) (50 S. E. 396); *Cooper* v. *National Fertilizer Co.*, 132 *Ga.* 529 (1) (64 S. E. 650); *McKee* v. *Hurst*, 21 *Ga. App.* 571 (3), 574 (94 S. E. 886); *McGinnis* v. *McCormick*, 28 *Ga. App.* 144 (1) (110 S. E. 341).

7. The evidence demanded the verdict in favor of the plaintiff for the principal, interest, and attorney's fees as set out therein, without deduction of the sum separately awarded for that purpose as damages to the defendant.

8. "A verdict may be so amended as to make it conform to the declaration, if the error plainly appears upon the face of the record." Civil Code (1910), §§ 5694, 5695 and 5696.

9. The verdict in this case found in favor of the plaintiff for the principal, interest, and attorney's fees sued for, less a credit which the plaintiff admitted, but also provided for the deduction of a certain sum, separately and distinctly stated, allowed to the defendant as damages. Since the evidence demanded a verdict for the plaintiff for the principal, interest, and attorney's fees, and since, under both the pleadings and the evidence, the sum allowed to the defendant as damages was illegal, the verdict should be amended by striking therefrom the illegal part, but should otherwise stand as rendered. *Haley* v. *Covington*, 19 *Ga. App.* 782 (3) (92 S. E. 297).

10. "The Court of Appeals is clothed with power to direct any order necessary for the proper adjudication of a cause. It may give any direction

to a cause pending in the court below, which may be consistent with the law and justice of the case, including the power of directing a specific, final disposition of the case." *Finley* v. *Southern Railway Co.*, 5 *Ga. App.* 722 (1) (64 S. E. 312).

11. Accordingly the judgment of the lower court is affirmed, but it is directed that the verdict and judgment be so amended as to strike therefrom the distinct item allowed to the defendant as damages, and that judgment shall be entered in favor of the plaintiff against the defendant for the principal, interest, and attorney's fees as set out in the verdict.

DECIDED JUNE 25, 1923.

Complaint; from city court of Madison — W. C. Thompson, judge pro hac vice.  August 24, 1922.

*M. C. Few,* for plaintiff.

BELL, J.  Reeves Tractor & Implement Company brought a suit against Boyce Barrow, for the recovery of $937.51 principal, besides interest and 10 per cent. for attorney's fees, upon two promissory notes for $500 each, containing the following stipulation:  "This obligation is given for purchase money of the following described property:  one Hart-Parr '30' Tractor No. 18030, one McKay Plow No. P. L. 130, one Oliver Engine Harrow 18 x 32 disc, the title to which remains in the payee hereof until this note with interest and attorney's fees are paid in full.  This obligation is absolute and binding on me, whether the above-described property dies or is otherwise destroyed."  The note was otherwise silent on the subject of warranties, and its further stipulations do not appear to be material to the present consideration.

The defendant answered, admitting the execution of the notes, their ownership in the plaintiff, and the plaintiff's averments in regard to having given the notice as required by law for the recovery of attorney's fees, but pleading further " that at the time of the said purchase and sale agreement, plaintiff assured this defendant that the Reeves Tractor & Implement Company would at all times keep a man with experience in the employ of the company to repair said tractors and plows, and warranted the tractor and plows described in the note attached to their petition to give good and efficient service," and " that the said plaintiffs failed and refused to comply with their warranty and agreement as aforesaid, and by reason thereof injured and damaged this defendant in the sum of $1,000."

The answer was amended as follows:

" 8th.  Defendant shows that the consideration moving from the parties in this case to each other is not fully set out in the said notes, which do not set out the contract of purchase in full. Said contract was made in parol, and the series of notes mentioned in this case was given in part payment by the defendant.

" 9th.  Defendant shows that part of the consideration moving from the plaintiff in this case to the defendant was his agreement to keep in stock at his place of business a complete stock of parts for said machine, and that he would at all times keep in the employ of said company a man with experience in the repairing of said tractor and plows, as set out in paragraph 5th.

" 10th.  Defendant shows that the consideration has failed in part on said contract, and that the tractor and plows bought from plaintiff were not reasonably suited to do the work for which they were sold and which they are intended to do.  Defendant shows that by reason of such facts the said tractor and plows are not worth over $750.00, and that defendant is therefore entitled to a recovery against the plaintiff in the sum of $250.

" 11th.  Defendant shows further that the plaintiff has failed to keep his contract in said case in regard to keeping parts on hand, and that at divers times during the years of 1920, 1921, and 1922 said machinery was out of order, and defendant called on plaintiff for labor and parts to repair same, and that the said plaintiff refused to furnish same, and informed the defendant that he did not have the parts in stock and did not have an expert to make said repairs.  This failure on the part of plaintiff made it necessary for the defendant to order parts from the factory, and to use inexpert labor in repairs of said machinery.

" 12th.  Defendant shows further that on account of plaintiff's breach of contract he has been damaged in the following items, to wit:  Loss of 40 days of plowing, on account of defect in plow, at $15 per day, $600.00; loss of 30 days of plowing on account of the failure of plaintiff to keep parts in stock and an expert in his employ, at $15 per day, $450.00; for additional cost of repairs made by failure of plaintiff to have replaced broken parts, $44.00; total $1094, which said sum defendant says he is entitled to recover from the plaintiff in this case."

Thus it appears that the defendant sought to raise two issues:

First, the breach of a collateral agreement by the plaintiff to keep in stock at its place of business such parts for the machinery as might be needed from time to time, and also to have in its employment a person competent to make such adjustments and repairs as might be required; second (paragraph 10 of the amendment), the breach of an implied warranty, by reason of which the value of the property sold was materially reduced.

The plaintiff filed general and special demurrers to the original answer; whereupon the defendant offered the amendment. The original demurrers were renewed to the answer as a whole, and there was an additional demurrer, upon grounds both general and special, to the amendment. In each of the demurrers it was objected that the averments of the plea in regard to the collateral agreement should be stricken, for the reason that it seeks to vary the terms, stipulations, and agreements of a plain, unambiguous written contract. The other grounds of demurrer need not be stated. The demurrers were overruled upon all grounds, and the plaintiff preserved exceptions pendente lite. The trial resulted in a verdict which we copy verbatim, as follows: " We, the jury, find in favor of the plaintiff the principal sum of $870.85, and $101.38 interest, and attorney's fees, $97.20, less damages for defendant the sum of $600.00, leaving balance due plaintiff, $469.43." The plaintiff filed a motion for a new trial, which was amended by the addition of several assignments of error upon the charge of the court, omissions to charge, and the overruling of certain objections of the plaintiff to evidence of the defendant. These special assignments, however, are controlled by our opinion in regard to the merits of the general demurrers and the general grounds of the motion for a new trial, and will be likewise superfluous in this statement. The plaintiff excepts to the overruling of the motion and assigns error also upon the exceptions pendente lite.

There were originally three of the notes, but the first of the series had been paid. The notes were dated June 22, 1920, one maturing on September 1, and the other on October 1, 1920. The note maturing on September 1, being No. 2 of the series, when introduced in evidence showed an entry appearing upon the back as follows:

" Receipt hereto attached for four bales of cotton and this note extended April 1, 1921.

Morgan County Bank,
W. G. Thompson.
Reeves Tractor & Impt. Co.
By J. L. R."

"4/5/21 by sale of four bales of cotton $129.15."

The following entry appeared upon the back of the other note:

" On payment of note No. 2 of this series of notes on or before April 1. 1921, the within note is extended to Oct. 1, 1921.

12/21/1920.                    Morgan County Bank,
W. G. Thompson, Cashier.
Reeves Tractor & Implement Co.
by J. L. Reeves."

It would seem that the notes were at that time held by a bank, but were returned later to the payee.

The defendant testified: " I got an extension on this note from the Morgan County [Bank] as shown on the back of it, Mr. Reeves having agreed to give me a new plow in the place of the old one. The writing on the back of the note, agreeing to the extension, was put there in accordance with my wish in the matter, and I signed it. I had been complaining all the time; at the time I got the extension I told Mr. Thompson, cashier of the Morgan County Bank, I never expected to pay another penny until I was treated right — that I had not had any service from the outfit, and that I was not going to pay anything until they picked up in their service. I had cotton to secure the note with when they would get me a new plow. I got an extension of the note by making a payment." It distinctly appears that the " new plow " was later given in place of the old plow, and no complaint is made in regard to the new one.

It is recited in the brief of evidence that " the foregoing notes, with the entries appearing on the backs of the extension of time for payment of the notes, which was admitted by Barrow to have been done at his request, were admitted to evidence without objection."

The defendant sought to set up a collateral parol agreement, which, under the authorities cited in the headnotes, was clearly inadmissible; and his plea of a breach of an implied warranty was likewise wholly insufficient. The general demurrers to these pleas should have been sustained. This being true, the assign-

ments upon the overruling of the special demurrers need not be considered.

The improper overruling of the general demurrers rendered the defendant's evidence ineffective, and a verdict was demanded in favor of the plaintiff. It was demanded likewise for the further reason that the defendant, after the maturity of the notes, having procured their extension with knowledge, as shown by his own evidence, of all of the facts which he proved upon the trial, will be held to have waived any defense which might have existed by reason of the then known facts.

It will not be necessary, however, to reverse the judgment because of the errors referred to, since the verdict happens to have been in such form that the illegal part may be eliminated by proper order without affecting that which is legal. It will be noticed that the jury found in favor of the plaintiff for the principal sum claimed, together with interest and attorney's fees, but provided in the verdict that a certain sum, distinctly and separately stated, should be deducted as damages allowed to the defendant. The allowance of the damages was illegal and unwarranted. In view of the particular form of the verdict, a new trial should not be ordered merely because the defendant injected into the case an issue which was unauthorized under the law. If the jury had returned a verdict merely for a net remainder, — that is, the difference between the sum claimed by the plaintiff and the damages awarded to the defendant, — then we should have had to order a new trial for the purpose of correcting the errors, but the meaning of the verdict being clear and unmistakable, and the part that is good and the part that is bad being separate and distinct, this court will order a final disposition of the case without a reversal. It is therefore ordered that the judgment of the lower court be affirmed, with direction that the verdict be amended by striking therefrom the words: " less damages for defendant the sum of $600.00, leaving balance due plaintiff, $469.43 ;" and that the judgment based thereon be amended also to the same effect.

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*