*J. C. & H. E. Edwards,* contra.

WILDER *v.* FEDERAL LAND BANK OF COLUMBIA *et al.*

No. 9196. April 11, 1933.

*W. E. Watkins,* for plaintiff.

*H. M. Fletcher, Harry D. Reed,* and *R. M. Sasnett Jr.,* for defendants.

Russell, C. J.  W. L. Wilder filed a petition against the Federal Land Bank of Columbia, seeking to enjoin the defendant from

proceeding with a sale of described land conveyed by plaintiff to defendant as security for certain notes given as part of the purchase-price of the land involved. He alleged that he purchased the land from the defendant in 1929, paying $2,000 in cash and giving notes for the balance, "but it was verbally agreed and understood that with conditions as then prevailing, and which have continued to prevail, that he was to have time in which to pay for same, and in the event he was unable to meet the semi-annual payments that he would not be forced by sale of the property." "Petitioner charges fraud in the procurement of said note and deed on the part of the Federal Land Bank of Columbia, and alleges that said money he paid in cash was procured by fraud, and that said transaction being born in fraud the whole thereof is a nullity, and he is entitled to a rescission thereof, and demands a return of the money already paid. In addition to the cash payment he has paid $750 since that time. That he is entitled to a return of the whole sum paid, for the reason that the property has been non-profitable and he has lost money in its operation. Petitioner tenders back the property on payment to him of the money already paid by him to them." One paragraph of the petition alleged that a named representative of the defendant agreed that if petitioner would make a payment of $150 he would be allowed to make another crop; another, that petitioner had made agreements with tenants for the operation of the land, on the faith of the agreement just referred to. It was also alleged the government of the United States had appropriated to its land banks $125,-000,000 to enable such banks to extend liberal terms to their debtors; that the defendant is granting extensions to others situated similarly to petitioner; and therefore that he is being discriminated against, in violation of the 14th amendment to the constitution of the United States. He prayed for an injunction, and for general relief. General and special demurrers filed by the defendant were sustained, and the petition was dismissed. The plaintiff excepted.

■ The petition admits the execution of the notes and deed, and does not allege that there is any ambiguity or incompleteness in the contract, but says that at the time the contract was executed it was verbally agreed and understood that with conditions then prevailing, and which have continued to prevail, he was to have time in which to pay for the land, and that in the event he was unable to meet the semi-annual payments he would not be forced by the

sale of the property. Acting on these representations of the agent of the defendant, the plaintiff parted with his money and executed the instrument of writing. That this allegation is of no value might be shown by numerous citations of authority. However, we think the citation of the Civil Code (1910), § 5788, which declares that "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument," will suffice.

■ Fraud is next stated as a reason why equity should intervene and set aside the security deed and require the defendant to repay to plaintiff sums alleged to have been paid on the purchase-price. No facts are alleged which enable the court to determine whether such facts would constitute fraud. The mere allegation that the note and deed were procured by fraud was insufficient to meet the demurrer upon that point. Especially is this true, as inferable from the allegations of the petition, that the fraud consisted in an alleged verbal promise to which we have referred, and which must have been included in the writing signed by the petitioner in order to be effective.

■ The allegation that the government of the United States has appropriated to "said land banks" $125,000,000 to enable them to extend liberal terms to those in their debt, and that the Federal Land Bank of Columbia has granted and is granting extensions of time, but that this privilege is denied to petitioner, and is a discrimination in violation of the 14th amendment to the constitution of the United States, as matter of law presents no defense. The Federal statute upon this subject empowers the directors of the bank, when in their judgment "conditions justify it, to extend, in whole or in part, any obligation that may be or become unpaid under the terms of any mortgage, and to accept payment of any such obligation during a period of five years or less from the date of such extension in such amounts as may be agreed upon at the date of making the extension. The sum of $25,000,000 of the amount authorized· to be appropriated under section 5 of this act, as amended, shall be used exclusively for the purpose of supplying·any bank with funds to use in its operations in place of any amounts of which such bank may be deprived by reason of extensions made as provided in this paragraph." U. S. Statutes 1931-1932, p. 24; U. S. C. A. 1932, Cum. Supp. 59, title 12. This act simply states

that $25,000,000 (instead of $125,000,000) has been appropriated for the purpose of granting extensions; but it is not alleged that the petitioner has entered into negotiations with a view to an extension, or what action, if any, has been taken by the directors of the Federal Land Bank of Columbia upon such application, if made. Construing the pleadings as we must, it is plain that no action has been taken by the petitioner to avail himself of the amendment to the Federal law referred to. Indeed, under the most liberal construction of the pleadings, even if the petitioner had entered into negotiations with the Federal Land Bank of Columbia, it must be assumed that the directors of the bank were of the opinion that the conditions of his case did not justify an extension. It is to be noted that the language of the amending act is that extensions are to be granted only "when in the judgment of the directors conditions justify it." We are of the opinion that the court did not err in sustaining the demurrers and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*