91 So.2d 512

**J. H. McDUFFIE**

v.

**FEDERAL LAND BANK OF NEW ORLEANS et al.**

4 Div. 881.

Supreme Court of Alabama.

Dec. 21, 1956.

J. H. McDuffie, pro se.

Jas. A. Mulkey, Geneva, and H. D. Finlay, Jr., New Orleans, for appellees.

SIMPSON, Justice.

Appeal from an interlocutory decree sustaining the appellees' demurrer to the bill of complaint as amended.

The amended bill was filed by the appellant to have set aside, as void, a certain mortgage foreclosure deed which conveyed several parcels of land situated in Geneva County. The mortgage was executed on January 1, 1920, by one J. N. McDuffie, now deceased, through whom the appellant claims as heir, to one of the appellees, the Federal Land Bank of New Orleans as mortgagee. The mortgage was to be repaid in 35 fixed annual installments. The mortgagor defaulted in his payments causing the mortgagee to foreclose the mortgage on January 31, 1935. The mortgagee purchased the lands in question at its own sale under the terms of the mortgage.

The other appellees are the present owners of various parcels of the land to whom the Bank later sold.

The appellant's theory of the case is that the Congress of the United States made available to the various Federal Land Banks large sums of money with which to extend past due installment payments on farm land mortgages held by the Federal Land Banks. The argument runs, that the mortgagor was eligible for an extension of his past due payments, that the said mortgagor made due application for an extension of the past due payments, and that the Federal Land Bank of New Orleans denied the application and foreclosed the mortgage.

The point is not made very clear; but appellant seems to argue that it was mandatory upon the Federal Land Bank of New Orleans to grant an extension of the past due installments upon his application therefor; and that the failure of the mortgagee to grant said extension made the subsequent mortgage foreclosure null and void.

But the authorities cited by the appellant, as we construe them, do not support his

contentions. The Federal Farm Loan Act was amended by Public Law No. 3 of the 72d Congress and approved January 23, 1932. This amendment is now found in Title 12 U.S.C.A. § 781, and, in part, reads:

"Tenth. Extension of obligations unpaid under terms of mortgages.— *When in the judgment of the directors conditions justify it,* to extend, in whole or in part, any obligation that may be or become unpaid under the terms of any mortgage, and to accept payment of any such obligation during a period of five years or less from the date of such extension in such amounts as may be agreed upon at the date of making such extension. The sum of $25,000,-000 of the amount authorized to be appropriated under section 698 of this chapter shall be used exclusively for the purpose of supplying any bank with funds to use in its operations in place of any amounts of which such bank may be deprived by reason of extensions made as provided in this paragraph." (Emphasis supplied.)

This portion of the Federal Farm Loan Act, by its own terms, authorized the respective Boards of Directors of the various Federal Land Banks to exercise their discretion in granting extensions of unpaid installments on mortgages. Wilder v. Federal Land Bank of Columbia, 176 Ga. 813, 169 S.E. 13; Federal Land Bank of New Orleans v. Lee, 174 Miss. 774, 165 So. 613; Federal Land Bank of Omaha v. Wilmarth, 218 Iowa 339, 252 N.W. 507, 513, 94 A.L.R. 1338.

Chief Justice Russell, speaking for the Georgia Supreme Court, in the Wilder Case, supra [176 Ga. 813, 169 S.E. 15], with respect to that provision of the Federal Act and the action of the board of directors thereunder, said;

"* * * it must be assumed that the directors of the bank were of the opinion that the condition of his case did not justify an extension. It is to be noted that the language of the amending act is that extensions are to be granted only 'when in the judgment of the directors conditions justify it.' We are of the opinion that the court did not err in sustaining the demurrers and in dismissing the petition."

We find no error in the ruling below.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.