## 62051. SOUTHEASTERN FIDELITY INSURANCE COMPANY v. TESLER.

QUILLIAN, Chief Judge.
This is an appeal from the dismissal of a complaint.

In 1970 appellant insurance company entered into an agency agreement with Tesler Insurance Agency, Inc. (hereafter agency) and

appellee Tesler who was president of the agency agreed to guarantee the obligations of the agency and pay any sum which the agency may owe the insurance company. In May 1978 Tesler notified the insurance company in writing to proceed to collect from the agency the debt which Tesler had guaranteed and gave the address of the agency's principal place of business which was located and stated to be in DeKalb County. This notice was given under the provisions of Code Ann. § 103-205 (Ga. L. 1826, p. 595 through 1866, p. 23) which provides that any surety or guarantor, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor to proceed to collect the same from the principal and state the county in which the principal resides, and if the creditor refuses or fails to commence an action against the principal within three months after such notice, the party giving notice shall be discharged.

Within a few days of receipt of the notice the insurance company filed a complaint in Fulton County against Tesler and the agency as defendants to collect an indebtedness to it under the agency agreement for a certain amount, and also alleged that defendant had converted the amount owed to his own use. Service was obtained on Tesler but not on the agency. Tesler answered denying the complaint and alleged the defense of his release and discharge from any obligation under the agreement.

In January, 1981 Tesler moved to dismiss the complaint. The parties stipulated into evidence the agency agreement and the guaranty agreement, Tesler's notice to the insurance company based on Code Ann. § 103-205, supra, and the company's receipt thereof, and that, based on the foregoing stipulated facts and the fact that service was not perfected on the agency, the trial court was to decide whether Tesler was discharged from liability as guarantor under Code Ann. § 103-205, supra. The trial court dismissed the complaint because the insurance company had failed to commence an action against the agency within three months after receiving the notice from Tesler. *Held:*

1. Appellant's complaint alleged that Tesler was liable on two bases: as a guarantor because of the principal's noncompliance with the agency agreement, and in tort because he converted the funds owed to his own use.

The trial court's judgment was directed only to the issue of Tesler's liability as a guarantor and did not address the issue of the conversion of funds. We do not find from the record support for appellee's contention that the parties agreed his motion was to be decided solely on the issue of his liability as a guarantor.

Although the parties and the trial court have denoted appellee's motion one of dismissal, when matters were stipulated into evidence

and considered by the court in deciding the motion, the motion was thereby converted into a motion for summary judgment. Code Ann. § 81A-112 (b) (Ga. L. 1966, pp. 609, 622 through 1972, pp. 689, 692, 693; *Capes v. Morgan,* 235 Ga. 1 (1) (218 SE2d 764)).

In a motion for summary judgment, decision is made based upon the pleadings and evidence of record as to whether there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Code Ann. § 81A-156 (c). The movant has the burden of supplying evidence to rebut the opposing party's allegations. *Lansky v. Goldstein,* 136 Ga. App. 607 (1) (222 SE2d 62). In this case appellee as movant did not carry his burden as the trial court had no evidence before it rebutting appellant's claim of conversion and an issue of material fact remained thereon based upon the pleadings. Accordingly, the trial court's grant of the motion as to the allegation of conversion must be reversed.

2. Appellant's claim that appellee did not plead the affirmative defense of release and thereby waived it, is without merit. The fifth defense of appellee's answer is that he was released and discharged from his alleged obligation.

3. In order to comply with Code Ann. § 103-205, supra, appellant brought suit in Fulton County against the insurance agency which was located in DeKalb County, stipulated that service was never perfected on the agency, and now claims the trial court erred in granting judgment to appellee because suit was instituted against the principal within 90 days of the notice as required by Code Ann. § 103-205, supra. We find no merit in this claim.

"[T]he bringing of a suit in a county other than the residence of the defendant is the equivalent of no suit at all, and cannot be urged as a compliance with service of notice provided for in the Code § 103-205." *Overstreet v. W. T. Rawleigh Co.,* 75 Ga. App. 483 (4), 488 (43 SE2d 774).

"The filing of the petition without service does not operate to commence a suit and no suit is pending until it has been served. [Cits.]" *Cherry v. Gilbert,* 124 Ga. App. 847 (3), 848 (186 SE2d 319).

Because of appellant's stipulation that service was not perfected on the insurance agency, there is no merit in the contention that service of appellee Tesler individually was also service on the agency because Tesler was president thereof.

We find the trial court did not err in granting summary judgment to appellee on his liability as a guarantor.

*Judgment affirmed in part; reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1981.

*Thomas J. Browning,* for appellant.
*Max Olim, Bobby G. New,* for appellee.