74450. COCA-COLA COMPANY v. DENMARK.
74451. SAVANNAH COCA-COLA BOTTLING COMPANY
v. DENMARK.
(357 SE2d 286)

DEEN, Presiding Judge.

Joleen Denmark, plaintiff in the captioned cases, was employed by Williams Seafood Company (Williams) in Savannah. She allegedly sustained an electrical shock while she was cleaning one of the two Coca-Cola dispensing machines located on her employer's premises. She brought an action against Williams; against Sitco, Inc., manufacturer of the machines; against Savannah Coca-Cola Bottling Co. (Savannah Coke), which had leased the machines to Williams, installed them, and supplied the drink mixture and made appropriate adjustments when needed; and against The Coca-Cola Company (Coke), owner of the machines.[1] She charged Savannah Coke with negligence and Coke with negligence and strict liability.

Both Savannah Coke and Coke moved for summary judgment. The former alleged that it was neither the manufacturer nor the owner of the machine(s); that it only delivered and stocked the equipment; that it was not negligent in delivery, stocking, or service; and that there were no genuine issues of material fact in the case such as to require trial. The latter defendant, Coke, based its motion on the ground that it neither manufactured, installed, nor maintained the machine(s); and, further, that there were no genuine issues of material fact involved in the case. Plaintiff/appellee filed the affidavit of an expert witness who opined that the offending machine should have been tested by Savannah Coke to determine that it was adequately grounded. She also filed, *inter alia*, the affidavit of a former Williams assistant manager to the effect that the other machine had previously shocked persons and that Savannah Coke had been so notified and had sent someone to ground it; and that, furthermore, the second machine (the one which allegedly shocked Ms. Denmark) had been installed without an adequate ground but had not shocked anyone before Ms. Denmark. Savannah Coke filed, *inter alia*, the deposition of plaintiff's expert witness in which he acknowledged that his opin-

---

[1] The original complaint named only Savannah Coke as defendant. Plaintiff subsequently moved to add the other named defendants as parties to the action. The Coca-Cola Co. was originally denominated as "Coca-Cola U. S. A." Neither Williams nor Sitco is a party to this appeal.

ion that the machine was improperly grounded was based on no evidence other than the fact that Ms. Denmark had received a shock.

The trial court denied both Coke's and Savannah Coke's motions for summary judgment, and this court granted their applications for interlocutory appeals. Coke enumerates as error (1) the trial court's failure to rule as a matter of law that Coke could not be held strictly liable because it was not the manufacturer of the offending machine; (2) the court's alleged failure to recognize plaintiff's allegedly improper and unjustified reliance on the doctrine of *res ipsa loquitur*; (3), (4), the court's denial of summary judgment allegedly in the absence of evidence of negligence or of proximate cause. Savannah Coke makes a general assignment of error to the trial court's denial of its motion for summary judgment. *Held*:

1. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." OCGA § 9-11-56 (c); *Pugh v. Frank Jackson Lincoln-Mercury*, 165 Ga. App. 292 (300 SE2d 227) (1983); *Southeastern Fid. Ins. Co. v. Tesler*, 159 Ga. App. 60 (282 SE2d 703) (1981). In terms of evidentiary standards, the award or denial of summary judgment is analogous to the granting or the denial of a directed verdict. *Eiberger v. West*, 247 Ga. 767 (281 SE2d 148) (1981). All evidence must be construed against the movant; the party opposing the motion is to be given the benefit of all reasonable doubts and favorable inferences. Id. See also *Pugh v. Frank Jackson Lincoln-Mercury*, supra; *Hanover Ins. Co. v. Nelson Conveyor &c. Co.*, 159 Ga. App. 13 (282 SE2d 670) (1981). Moreover, when the movant is the defendant, he bears a double burden: he must pierce the plaintiff's pleadings and affirmatively negate one or more of the elements of plaintiff's case, and he must establish that there are no genuine issues of material fact to be tried. *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465) (1983). Questions of negligence and diligence are not ordinarily amenable to summary adjudication but are reserved for the jury. *Malvarez v. Ga. Power Co.*, 166 Ga. App. 498 (304 SE2d 542) (1983); *Fort v. Boone*, supra.

In the instant case we are not persuaded that defendant/appellant Savannah Coke has carried its statutory burden; the evidence adduced does not demand a verdict. There is conflicting evidence regarding, *inter alia*, whether or not Savannah Coke had notice that one of the machines had shocked a person or persons prior to Ms. Denmark's experience, and as to whether the two machines were sufficiently similar that notice concerning one of them should have put Savannah Coke on notice regarding the other. These issues, as well as that of causation, are properly for the jury. See *Fort v. Boone*, supra.

We find no merit in Savannah Coke's contention that the trial court erred in denying summary judgment. OCGA § 9-11-56.

2. As to Coke, however, the record reveals that plaintiff/appellee has abandoned the strict liability count with respect to that appellant. With the case stripped to its essentials, there remains against Coke only the negligence count, which appellee pursues on the theory of agency, arguing that Savannah Coke's alleged negligence should be imputed to Coke. In advancing this argument appellee urges *res ipsa loquitur*: "the matter speaks for itself [of negligence]." We find no merit in these theories as applied to the facts of case no. 74450, and therefore find no genuine issue of material fact which would preclude summary judgment for Coke. The trial court erred in denying summary judgment to this appellant.

*Judgment reversed in case no. 74450; judgment affirmed in case no. 74451. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 4, 1987 —
REHEARING DENIED MAY 18, 1987 — 

*Joe C. Freeman, Jr., Edward M. Newsom*, for appellant (case no. 74450).

*Frank W. Seiler, Wiley A. Wasden III, Roy E. Paul*, for appellant (case no. 74451).

*Walter W. Ballew III*, for appellee.