76948. PIGGLY WIGGLY SOUTHERN v. THIGPEN.
(374 SE2d 773)

SOGNIER, Judge.

Lawrence Thigpen brought suit against Piggly Wiggly Southern to recover damages incurred when he slipped and fell in a Piggly Wiggly supermarket. The trial court denied Piggly Wiggly's motion for summary judgment but certified its order for immediate review, and we granted this interlocutory appeal.

The record reveals that on July 9, 1984, appellee and his wife entered appellant's market at approximately 6:00 p.m. to purchase groceries. The weather was fair at the time they entered the store. They shopped for approximately thirty to forty-five minutes, and went through the checkout line, where appellee's wife paid for the groceries and exited the store. Appellee was walking behind his wife and was about halfway to the exit from the checkout counter when he fell.

During the time appellee and his wife were shopping, it had begun to rain lightly, and Bobby Gladdin, the manager of the store, tes-

tified by deposition that some water was being tracked into the store on shopping carts that were wheeled back into the store from outside. Gladdin testified that he was responsible for mopping the store on such occasions, and that he had mopped the area where appellee fell about five minutes before appellee's fall. He also testified that two signs reading "Caution, Wet Floor" were placed near the entrance and exit, and were so close to where appellee fell that appellee "could have touched the sign."

Both appellee and his wife denied seeing any such signs, and appellee's wife testified that "[t]here was none." Both also denied they knew it was raining until they exited the store. Both denied seeing any water on the terrazzo floor of the store, but appellee testified that after getting up from his fall, he noticed that portions of his clothing that had made contact with the floor were damp.

Appellant contends the trial court erred by denying its motion for summary judgment, relying on *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44 (332 SE2d 304) (1985), because here, as in *Colbert*, there was no evidence of negligence on the part of the store, where "the evidence is undisputed that, under the rainy conditions, the [store] exercised 'such diligence toward making the store safe as a good business man is in such matters accustomed to use[,] [Cits.]' [Cits.]," id. at 46 (1), and that consequently there remains no genuine issue of material fact and appellant is entitled to judgment as a matter of law.

However, we find this case distinguishable factually from *Colbert*, supra, and from *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77) (1964), which appellant also cites. In both those cases, it had been raining earlier in the day, and thus, whether or not it had been raining at the precise time they entered the respective stores, the plaintiffs in those cases had, or should have had, the expectation that they might encounter wet floors because of prior rainy conditions. In the case sub judice, the weather had been fair that day, and it did not actually rain until appellee was inside the store. Thus, the "common knowledge" present in both *Colbert* and *Gibson*, supra, that "some water will normally be present where shoppers pass during rainy weather," *Colbert*, supra at 45 (1); see also *Gibson*, supra at 174-175, may not be attributed to appellee, and the knowledge of the parties in the case at bar is not equal, as it is uncontroverted that appellant actually knew the floor was wet.

In addition, we find an issue of fact as to whether there were signs warning the store's patrons of wet floors. The evidence is in sharp conflict on this point. The manager testified the signs were put out before appellee's fall. Appellee's wife insisted not only that she did not see them, but that they were not there. Although appellant argues that this is irrelevant because the rain itself provides the warn-

ing, citing *Colbert,* supra, and *Alterman Foods v. Munford,* 178 Ga. App. 214 (342 SE2d 480) (1986), unlike the situation in the case at bar, in both those cases " ' "(appellee) was aware of the weather conditions . . . ." ' [Cits.]" Id. at 215. We cannot say as a matter of law that in a case where no rain had fallen before appellee entered the store, and appellee had no knowledge that it was raining while he was in the store, he had or should have had ample warning of wet and slippery conditions in the store because of weather conditions.

"Summary judgment is proper when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' [Cits.] In terms of evidentiary standards, the award or denial of summary judgment is analogous to the granting or the denial of a directed verdict. [Cit.] All evidence must be construed against the movant; the party opposing the motion is to be given the benefit of all reasonable doubts and favorable inferences. [Cits.] Moreover, when the movant is the defendant, he bears a double burden: he must pierce the plaintiff's pleadings and affirmatively negate one or more of the elements of plaintiff's case, and he must establish that there are no genuine issues of material fact to be tried. [Cit.]" *Coca-Cola Co. v. Denmark,* 182 Ga. App. 883, 884 (1) (357 SE2d 286) (1987). We find that appellant in this case has not carried either burden, and consequently the trial court did not err by denying its motion for summary judgment. See id. at 884-885 (1).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 6, 1988 —
REHEARING DENIED OCTOBER 18, 1988

*Daniell S. Landers, Bryant H. Bower, Jr.,* for appellant.
*Robert B. Sumner, Robert L. Cork,* for appellee.