A90A1230. REEVES v. AMERICAN BANKING COMPANY.
(398 SE2d 74)

BIRDSONG, Judge.

Appellant Wilhelmine Reeves is the widow of Jimmy A. Reeves. Prior to his death on December 18, 1987, Mr. Reeves had numerous loans with appellee American Banking Company and always carried credit life insurance for the amount of the indebtedness. At the time of Mr. Reeves' death, there was an outstanding indebtedness of approximately $15,000.

Originally in 1983, Mr. Reeves borrowed $25,000 on a one-year note. The note was renewed a year later, and then renewed each 90-day period, with Mr. Reeves making a payment, and paying the premium for the insurance upon each subsequent renewal.

Over the past several years, Mr. Reeves and Randy Kelly, the bank's loan officer, had developed a pattern in which Mr. Reeves frequently renewed the note a few days after the scheduled date of maturity and back-dated the renewal note to the scheduled maturity date. This was done because Mr. Reeves was usually out of town when the note matured. The bank never objected to this arrangement, and never considered the note in default. Mr. Reeves always requested credit life insurance with the renewals of the loan. The bank always collected the premium from Mr. Reeves and received 40 percent of the premium as agent for the insurer. The bank always accepted the premium for insurance from Mr. Reeves whether it was paid early or late.

Randy Kelly, the loan officer, testified that he never advised Mr. or Mrs. Reeves the insurance would lapse if the note was renewed after the maturity date. The bank always accepted the premium pay-

ment from Mr. Reeves for the full 90 days of coverage on each late renewal even though Kelly was aware that no coverage had actually existed after the previous maturity date and before the next renewal date. Mrs. Reeves testified that she and her husband had always relied upon the bank to procure the credit life coverage and to maintain the coverage in effect.

The final renewal note was scheduled to mature on December 12, 1987. On December 11, 1987, Mrs. Reeves telephoned Mr. Kelly and requested additional time to renew the note because her husband was out of town. Randy Kelly informed appellant there would be no problem as far as the bank was concerned and that Mr. Reeves could renew the note when he returned to town. On December 18, 1987, however, Mr. Reeves died. There was no written renewal of the note prior to Mr. Reeves' death. As a result, the credit life insurance lapsed according to the terms of policy on December 12.

Mrs. Reeves brought this action to enjoin the bank from foreclosing upon her residence and to cancel the note and security deed. The trial court denied the injunction, and the Supreme Court affirmed that denial. See *Reeves v. American Banking Co.*, 259 Ga. XXXII. Thereafter the bank was granted summary judgment as to the plea for cancellation of the note and security deed. Mrs. Reeves appeals. *Held*:

Construing all evidence against the movant and in favor of the respondent, and giving the respondent the benefit of all reasonable doubt and favorable inferences on the bank's motion for summary judgment (*Coca-Cola Co. v. Denmark*, 182 Ga. App. 883, 894 (357 SE2d 286)), we yet find no issue of fact exists as to whether the bank's officer was or had become the agent for Mr. Reeves for the purpose of keeping the credit life insurance in effect, or was negligent for his failure to do so.

The evidence, viewed in favor of Mrs. Reeves, raises no issue of fact as to whether Mr. or Mrs. Reeves was in ignorance of the necessity of obtaining credit life insurance upon each renewal of the note. The evidence shows they were aware of the necessity of doing so, because they always did so. If the loan officer never specifically told Mr. Reeves or Mrs. Reeves that the insurance would lapse when the note became due, there is no evidence they did not know it. The evidence, viewed in respondent's favor, shows at best that the note had frequently been allowed to mature without being called in default, and Mr. or Mrs. Reeves was allowed to renew the note late and obtain insurance. There is no evidence of any agreement that the bank's officer would renew the note for Mr. Reeves and obtain credit life insurance for him, and clearly he could not do so.

The "pattern" established by the parties in this case depended upon the condition subsequent that Mr. Reeves or his wife would ac-

tually renew the note and obtain the insurance by paying the premium. The grace period extended by the bank in the past depended entirely upon the assumption that Mr. or Mrs. Reeves would come in and renew the note; it was a convenience offered to Mr. Reeves and did not amount to a contract to keep the note and insurance in force or to renew them even when he, by reason of death, could not. The evidence shows simply, and beyond any genuine issue of fact, that the bank had allowed the note to mature without calling default; the note was not automatically renewed when it matured, so no inference of negligence can be drawn against the loan officer for failing to renew it himself and obtain insurance without payment of premium by Mr. Reeves.

Clearly the officer did not undertake to renew the note himself and obtain insurance for Mr. Reeves at any time. The bank simply refrained from calling the note in default, subject to Mr. Reeves' renewing the note himself and paying the premium. The fact that when he did so in the past no premium was returned on account of his having remained alive between the time one note matured and another was renewed, did not create an obligation upon the loan officer or the bank to insure the note when it lapsed and before another was executed. No doubt if Mr. Reeves had asked for the return of any "unused" premium, the bank's courtesy would be at an end, so it would be unfair to penalize the bank for it now.

Mr. Reeves was charged with knowledge of the contents of the insurance policy, i.e., that when a note matured, the credit life insurance lapsed. *Brasington v. King*, 167 Ga. App. 536, 538 (307 SE2d 16); *Brown v. Mack Trucks*, 111 Ga. App. 164, 166 (141 SE2d 208). It cannot be suggested that if Mr. Reeves had lived, and had returned to town and simply forgotten about the note, the loan officer would have been expected to renew the note and obtain insurance for it; clearly the note was in default and was without insurance coverage, and nothing could revive it except the renewal of the note by Mr. or Mrs. Reeves, as had always been the case in the past. While recognizing the tragic circumstances of the respondent brought about by the Reeves' failure to renew timely the note and obtain insurance, clearly the bank's generosity in accommodating Mr. Reeves in the past was based purely upon the assurance of his renewing the note and obtaining insurance. No fraud or misleading act is involved here.

No ground exists to deny summary judgment to the bank in this case.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

## On Motion for Rehearing.

On motion for rehearing, appellant Mrs. Reeves contends we

overlooked the material fact that neither she nor her deceased husband knew that the credit life insurance coverage they had been purchasing from the bank lapsed whenever the bank allowed them to make a late renewal of their indebtedness to the bank.

This assertion is negated in the motion for rehearing itself, where appellant Reeves avers: "Randy Kelly, appellee's loan officer, testified that Mr. Reeves always requested credit life insurance in connection with the renewals of the loans." Appellant Reeves does not contend this testimony of Randy Kelly was false. Even giving Mr. and Mrs. Reeves the benefit of any doubt on the bank's motion for summary judgment, it must be concluded beyond any genuine material issue of fact that if they always requested credit insurance when they did come in late to renew the note, then presumptively they knew the previous credit coverage had lapsed with the maturing of the previous note.

Moreover, appellant Mrs. Reeves in her motion for rehearing refers to the note as one "they" had been purchasing and as to which the bank had allowed "them" to make late renewals, and she avers that in the past she or Mr. Reeves would come in and renew the note. Assuming the debt was somehow a joint obligation, or that if it was Mr. Reeves' debt nevertheless Mrs. Reeves had express or implied authority to renew the note as his agent, we are unable to find any reason, amounting to a legal excuse, why Mrs. Reeves did not renew this note at some time between December 12 when it matured and December 18 when Mr. Reeves passed away. Moreover, clearly by her telephone request that they be allowed to renew it late because Mr. Reeves was out of town, she knew it had to be actually renewed by her or Mr. Reeves. It would cause too much uncertainty in commercial affairs to impose upon the bank, after Mr. Reeves' unfortunate death, a supposed obligation to have renewed the note for him and to have obtained credit life insurance for him, merely because it had allowed him to make late renewals while he was alive, especially when the evidence shows beyond genuine dispute that Mr. and Mrs. Reeves knew they must come in and renew the note themselves, and always requested credit life insurance when they did so.

*Motion for rehearing denied.*

DECIDED SEPTEMBER 12, 1990 —
REHEARING DENIED NOVEMBER 15, 1990 — 

*Short & Fowler, James M. Bivins,* for appellant.
*Billy G. Fallin,* for appellee.