A91A0060. HODGE RESIDENTIAL, INC. et al. v. BANKERS FIRST FEDERAL SAVINGS & LOAN ASSOCIATION.

(405 SE2d 302)

BEASLEY, Judge.

Appellee, Bankers First Federal Savings & Loan Association, filed a ten-count complaint against appellants, Hodge Residential, Inc., Bobby Hodge, and Hodge Industries, Inc., seeking recovery of sums due under two promissory notes executed by appellant Hodge Residential, one promissory note executed by appellant Hodge Industries, three promissory notes executed by appellant Bobby Hodge, and four promissory notes executed by Hodge Home Builders, Inc., which was not made a party in this suit. All notes were guaranteed by appellant Bobby Hodge in his individual capacity.

The complaint was filed in the Richmond Superior Court. Both Hodge Residential and Hodge Industries are Georgia corporations, with their principal place of business located in Richmond County. Bobby Hodge is a resident of Columbia County. Bankers sought to establish venue over Bobby Hodge in Richmond County on the ground that he and the resident defendants are joint obligors. See OCGA § 9-10-31; Art. VI, Sec. II, Par. IV of the 1983 Ga. Const.

Between 1984 and 1987, appellants were involved in the business of commercial and residential land development, as well as building construction. During this time period, they borrowed funds from Bankers, as is evidenced by the promissory notes listed in the complaint.

In 1986 and 1987, the borrowers began experiencing severe financial problems due in part to trends in the real estate market. They defaulted on their obligations to Bankers and other creditors. Borrowers, who were represented by counsel, entered into negotiations with Bankers to refinance their debt obligations. A refinancing agreement was entered into on February 20, 1987, under which all outstanding debts to other creditors were satisfied in consideration of borrowers' undertaking an additional obligation to Bankers in the amount of $471,494.10, due and payable on February 20, 1988.

Default occurred and Bankers sued. It also foreclosed on properties which secured some of the loans and applied the proceeds of the sales to the debts, leaving a principal balance due in the amount of $713,041.85. The foreclosure sales were confirmed by the superior court, OCGA § 44-14-161, allowing Bankers to sue for the deficiency.

The borrowers admitted the existence of the unpaid debts but pled fraud in the inducement as a defense to their liability under the refinancing agreement and as the basis for a counterclaim. They allege that when the refinancing agreement was executed, Bankers orally agreed to extend its term beyond the due date stated. They further allege that Bankers orally promised to "help market" their properties. They contend that appellee not only breached these oral agreements but also deterred potential customers from purchasing property from borrowers.

Summary judgment was granted to Bankers on its claim and on the counterclaim. It appearing that all borrowers except Bobby Hodge are judgment proof, the court entered final judgment against Bobby Hodge for the principal amount of the debts, as well as $139,650.45 in accrued interest.

1. Bobby Hodge contends that venue as to him in Richmond County was lacking for two reasons.

(a) Venue was lost since no final judgment for money damages was entered against the resident joint obligors.

This argument is without merit. Summary judgment was granted against all joint obligors. It is uncontested that final judgment for money damages was entered against only Bobby Hodge because he is the guarantor and the others cannot satisfy the liability of their debt. Compare *Woods v. Long Mfg., N.C.*, 150 Ga. App. 499 (258 SE2d 592) (1979); *Steding Pile Driving Corp. v. John H. Cunningham & Assoc.*, 137 Ga. App. 165, 166 (1) (223 SE2d 217) (1976).

(b) Venue does not lie as to those notes which were executed by him in his individual capacity, as well as those notes executed by the non-party corporation.

Hodge did not assert improper venue as a defense, either in answer or motion as required by OCGA § 9-11-12 (h) (1) (B), (h) (3). He filed only a general denial in this regard. The defense was waived. OCGA § 9-11-12 (h) (1) (B); *Orkin Exterminating Co. v. Morrison*, 187 Ga. App. 780, 782 (3) (371 SE2d 407) (1988). See also *Setac Corp. v. W. P. Stephens Lumber Co.*, 159 Ga. App. 285 (1) (283 SE2d 351) (1981).

2. Borrowers enumerate as error the grant of summary judgment in favor of Bankers because there are genuine issues of material fact as to allegations of fraud.

(a) The primary allegation is that prior to or contemporaneous with the execution of the refinancing agreement, Bankers orally promised to extend the due date of the debt payment beyond the written terms of the agreement.

"[P]rior and contemporaneous statements or agreements cannot be shown to vary, contradict, or change the terms of a valid written contract purporting on its face to contain all the terms of an agree-

ment between parties." *Diamondhead Corp. v. Robinson*, 144 Ga. App. 60, 61 (2) (240 SE2d 572) (1977); see *Pepsico Truck Rental v. Eastern Foods*, 145 Ga. App. 410 (1) (243 SE2d 662) (1978). "Making and violating a contemporaneous parol agreement inconsistent with the writings would not be such fraud as would permit a varying of the written instrument, even if pleaded as fraud, no sufficient reason appearing why the agreement was not incorporated in the writings. *Dyer v. Walton*, 79 Ga. 466 (2) (7 S.E. 220)." *Reeves Tractor & Implement Co. v. Barrow*, 30 Ga. App. 420 (1) (b) (118 SE 456) (1923); compare *Barrie v. Miller*, 104 Ga. 312 (30 SE 840) (1898). Evidence of a contemporaneous oral agreement to extend the time for payment of a promissory note beyond the due date contained in the note is barred by the parol evidence rule. See *Wilder v. Fed. Land Bank*, 176 Ga. 813, 814-815 (1) (169 SE 13) (1933). Even if the opposite party had entered into such an agreement, it would not constitute actionable fraud. Id. at 815 (2). In addition, there can be no justifiable reliance on a promise which is unenforceable at the time it is made. *Adamson v. Maddox*, 111 Ga. App. 533, 536 (3) (142 SE2d 313) (1965).

(b) The allegation that Bankers committed fraud by breaching an oral agreement to "help market" their properties is wholly without evidence to support it, as is the allegation that Bankers deterred potential customers from purchasing the properties. The only evidence relative to these issues was given by one of borrowers' witnesses, who testified that Bankers had referred him to them after he expressed an interest in purchasing a lot on which to build a home.

Plaintiff's motion for summary judgment was supported by sufficient evidence to cast upon defendants the burden to present evidence showing a genuine issue of triable fact. *Cochran v. Southern Bus. Univ.*, 110 Ga. App. 666 (1) (139 SE2d 400) (1964). They failed, and plaintiff was entitled to judgment as a matter of law. *Southeastern Fidelity Ins. Co. v. Tesler*, 159 Ga. App. 60, 62 (1) (282 SE2d 703) (1981).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 1, 1991.

*Bush, Wallace & Craig, Daniel J. Craig*, for appellants.
*O. Palmour Hollis, Ziva P. Bruckner*, for appellee.