## 61170. MAY v. PHILLIPS.

SHULMAN, Presiding Judge.

This action arose out of an automobile collision resulting in the death of the plaintiff's son, who was driving one of the two automobiles involved in the collision. Plaintiff brought suit for wrongful death against Montague, the driver of the second automobile, and against the owner of that automobile, defendant-appellee Phillips. Plaintiff sought recovery against defendant Phillips on two grounds: respondeat superior and negligent entrustment. It is from the grant of defendant Phillips' motion for summary judgment that plaintiff brings this appeal. We affirm.

1. There is no evidence to support plaintiff's contention that at the time of the collision Montague was driving defendant Phillips' automobile in the course of his employment, a condition precedent to holding defendant Phillips liable for the acts of Montague under the theory of respondeat superior.

" 'To hold a master liable for a tort committed by his servant, it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment.' [Cits.] 'For a tort committed by the servant entirely disconnected from the service or business of the master, the latter is not responsible under the doctrine of respondeat superior, although it may occur during the general term of the servant's employment.' [Cit.]" *Sparks v. Buffalo Cab Co.,* 113 Ga. App. 528, 529 (148 SE2d 919).

It is undisputed that Montague was driving defendant Phillips' automobile to a high school football game at the time of the collision. Thus, even if there were evidence of an employment relationship between Montague and Phillips, the evidence is clear, positive and uncontradicted that at the time of the collision Montague was engaged in a personal enterprise. " 'Where a servant, while not engaged in the performance of his master's business, and during a time when he is free to engage in his own pursuits, uses his master's automobile for his own purposes (although he does so with the knowledge and consent of his master), and, while so using it, negligently injures another by its operation, the master is not liable for the injuries.' [Cits.]" Id., p. 530.

Inasmuch as plaintiff did not present any evidence showing that Montague's operation of Phillips' automobile at the time of the collision had any connection whatsoever with Montague's alleged employment, the trial court properly granted defendant Phillips' motion for summary judgment on this count.

2. Plaintiff next complains that the trial court erred in granting defendant Phillips' motion for summary judgment on plaintiff's allegation that Phillips negligently entrusted his vehicle to Montague.

Under the theory of negligent entrustment, "liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. [Cits.]" *Saunders v. Vikers,* 116 Ga. App. 733, 735 (158 SE2d 324).

Plaintiff premises her allegation of negligent entrustment on several bases: the fact that defendant Phillips did not give Montague any instructions as to the use or handling of the automobile (although the evidence showed that Montague had used the automobile without incident on other occasions); that Phillips had never seen or asked to see Montague's driver's license; that Phillips knew that Montague had on occasion drunk beer, despite being a minor; and that he had knowledge by inference of a ticket issued Montague for passing a stopped school bus. Despite Phillips' denial of any knowledge that Montague had been given a ticket, plaintiff argues that that knowledge can be inferred by virtue of the fact that Phillips is a close friend of the Montague family. See in this regard *Roebuck v. Payne,* 109 Ga. App. 525 (3) (136 SE2d 399).

Even assuming that plaintiff produced evidence that Montague was in fact an incompetent and reckless driver (but see *Marques v. Ross,* 105 Ga. App. 133, 138 (123 SE2d 412)), which is a necessary step to the finding of negligent entrustment, plaintiff made no showing, even circumstantially, that defendant Phillips had actual knowledge that Montague was a reckless and incompetent driver. See *Thompson v. Bolton Chevrolet Co.,* 125 Ga. App. 369 (187 SE2d 574); and *Harris v. Smith,* 119 Ga. App. 306 (167 SE2d 198). It was incumbent upon plaintiff, in opposing defendant Phillips' motion for summary judgment, to show that Phillips had "actual knowledge of a pattern of reckless driving or facts from which such knowledge could be reasonably inferred in order to preserve the issue for jury determination." *Saunders,* supra, Division 7. The evidence presented by plaintiff simply does not support such a determination or inference. See also *Roebuck,* supra, Division 3.

Since the record negates any right of recovery by the plaintiff against defendant Phillips under either the theory of respondeat superior or negligent entrustment, the trial court properly granted defendant Phillips' motion for summary judgment.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 23, 1981.

*Stephen Friedberg, James T. Barfield,* for appellant.
*William S. Goodman, Scott E. Tinnon,* for appellee.