## 73718. MAZUR v. FOOD GIANT, INC.
(359 SE2d 178)

POPE, Judge.

Plaintiff appeals the trial court's grant of summary judgment to defendant in a slip and fall case. Plaintiff's complaint alleges he slipped on frozen vegetables which had fallen to the floor from a bag in a frozen food display case. Testimony of defendant's employee established the vegetables had partially thawed and water, not ice, was found on the floor where plaintiff fell. Nevertheless, said employee and the manager of the store both walked past the display case only ten to fifteen minutes prior to plaintiff's fall and saw no foreign matter on the floor.

1. If the only issue raised by plaintiff was defendant's actual or constructive knowledge that the vegetables had fallen to the floor, we would uphold the grant of summary judgment. Plaintiff argues the circumstantial evidence that the vegetables had been on the floor long enough to thaw creates an issue of fact as to whether the vegetables had been on the floor for a length of time sufficient for knowledge of the presence of this debris to be imputed to defendant. However, the direct and undisputed testimony of defendant's employees established the floor was free of debris some ten to fifteen minutes prior to the fall. It is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous. *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980); *Winn-Dixie Stores v. Hardy*, 138 Ga. App.

342 (4) (226 SE2d 142) (1976). Where it appears a foreign object had "not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it." *Jones v. West End Theatre Co.*, 94 Ga. App. 299, 303 (94 SE2d 135) (1956). The fact that slices and pieces of vegetables from a bag of frozen food had thawed on the floor is not inconsistent with testimony that they were not present on the floor ten to fifteen minutes earlier. Circumstantial evidence that the vegetables had thawed creates no issue for the jury since "[t]he rule is that a fact shown by direct, uncontradicted, reasonable and unimpeached evidence cannot be disproved by circumstantial evidence consistent with such direct evidence." *King v. Sharpe*, 96 Ga. App. 71, 78 (99 SE2d 283) (1957); see also *Lewis v. American Rd. Ins. Co.*, 119 Ga. App. 507 (2a) (167 SE2d 729) (1969); *Neill v. Hill*, 32 Ga. App. 381 (2b) (123 SE 30) (1924).

2. Plaintiff's deposition, which is referred to in the lower court's order, is not before us in the record of this case. However, plaintiff's affidavit and the affidavit of plaintiff's expert witness raise the issue of whether plaintiff's fall was caused by a second hazardous condition, namely, a slippery "film" on the floor allegedly caused by condensation from the refrigeration unit. "Although [this] theory was not presented in the complaint, the pleadings are deemed amended to conform to the evidence presented, and we therefore deem it proper to consider this argument." *DeLoach v. Foremost Ins. Co.*, 147 Ga. App. 124, 125 (248 SE2d 193) (1978). The record now before us contains insufficient evidence to support a grant of summary judgment to defendant in regard to plaintiff's allegations that the fall was caused by a negligently maintained floor or refrigeration unit.

We uphold the lower court's grant of summary judgment on all other issues plaintiff attempted to raise in the affidavit of his expert witness. The record before us contains no allegation or testimony that plaintiff's fall was in any way related to the design of the pushcart provided by defendant. Plaintiff admits in his complaint that his view of the floor was obstructed by groceries he had loaded in the pushcart. Defendant was under no duty to warn plaintiff of a fact of which plaintiff was already aware. Therefore, the opinion of plaintiff's expert that the pushcart obstructed plaintiff's view is irrelevant. Testimony that the display design drew attention away from the floor is also irrelevant since plaintiff has failed to show defendant had actual or constructive knowledge of the alleged hazard.

Consistent with the above, we reverse summary judgment on plaintiff's allegation that he fell as a result of defendant's negligence in allowing a slippery film to form on the floor. We uphold summary judgment in favor of defendant on all other issues raised by plaintiff.

*Judgment affirmed in part; reversed in part. Birdsong, C. J.,*

*and Deen, P. J., concur.*

Decided June 15, 1987 —
Rehearing denied June 29, 1987 — 

*Robert S. Windholz*, for appellant.
*James C. Gaulden, Jr.*, for appellee.