75089. WALLACE et al. v. ARA SERVICES, INC. et al.
(365 SE2d 461)

McMURRAY, Presiding Judge.

This negligence case stems from a motor vehicle collision in which defendant Adkins operated a vehicle owned by defendant ARA Services, Inc. ("ARA"). Plaintiffs alleged that the collision, which occurred on October 2, 1984, was caused by the negligent acts of Adkins (it was asserted that Adkins was "following too closely" and that she

was driving under the influence of alcohol) and that ARA was liable under the doctrine of respondeat superior. ARA answered the complaint and moved for summary judgment. The motion was supported by the affidavit of Barber Forrest, ARA's Division Manager in Gainesville, Georgia. In his affidavit, Forrest deposed that Adkins was employed by ARA as a catering worker; that her job required her to travel to various facilities within a 90-mile radius of Gainesville; that she travelled to the various facilities in an ARA Services, Inc. van; and that she "kept possession of the ARA van on a full time basis, but was explicitly instructed that other than using the van to drive to or from a plant, or to and from Gainesville for her weekly check in, she was not to use the van for any personal business or pleasure." Forrest also deposed that Adkins asked him if she could be off from work on October 2, 1984, because she needed to move to another residence; that he granted Adkins' request and, therefore, she was not scheduled to work that day; that Adkins' use of the ARA vehicle on October 2, 1984, was unauthorized; and that Adkins was not acting "within the course and scope of her employment with ARA Services, Inc." when she collided with plaintiffs.

Thereafter, plaintiffs amended their complaint to add a second theory of liability — negligent entrustment — and ARA moved for summary judgment again. In support of the second motion, ARA submitted another Barber Forrest affidavit. Therein, Forrest deposed that Adkins was initially employed by ARA as a commissary worker; that she was laid off by ARA on August 13, 1983; that he began looking for an employee to perform the catering job in March 1984; that he hired Adkins for the catering job position because he had heard that she was a good employee; and that he "specifically instructed Sandra Adkins not to use the [ARA] vehicle for any personal business or pleasure whatsoever and to only use the vehicle for the business of ARA." The affiant further deposed that "[a]t no time prior to the [collision], nor any time subsequent thereto, did ARA have any knowledge that Sandra Adkins had ever been involved in an automobile accident . . . that she had ever been arrested for driving while intoxicated; that she had ever driven while intoxicated; that her driver's license had ever been revoked or suspended; or that she had ever been charged with any traffic violation." Finally, Forrest deposed that ARA never had any knowledge that Adkins was an incompetent or reckless driver or that she had a "drinking problem."

Following a hearing, the trial court granted ARA's motions for summary judgment. This appeal was filed by plaintiffs. *Held*:

1. " 'To hold a master liable for a tort committed by his servant, it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the

course of the servant's employment' [Cits.] 'For a tort committed by the servant entirely disconnected from the service or business of the master, the latter is not responsible under the doctrine of respondeat superior, although it may occur during the general term of the servant's employment.' [Cit.]" *Sparks v. Buffalo Cab Co.*, 113 Ga. App. 528, 529 (148 SE2d 919). The undisputed evidence demonstrates that Adkins was not pursuing the business of ARA at the time of the collision. Rather, Adkins was engaged in a personal endeavor. Accordingly, ARA is not responsible under the respondeat superior doctrine. " 'Where a servant, while not engaged in the performance of his master's business, and during a time when he is free to engage in his own pursuits, uses his master's automobile for his own purposes (although he does so with the knowledge and consent of his master), and, while so using it, negligently injures another by its operation, the master is not liable for the injuries.' [Cits.]" *Sparks v. Buffalo Cab Co.*, 113 Ga. App. 528, 530, supra.

2. "Under the theory of negligent entrustment, 'liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. (Cits.)' *Saunders v. Vikers*, 116 Ga. App. 733, 735 (158 SE2d 324)." *May v. Phillips*, 157 Ga. App. 630, 631 (2) (278 SE2d 172). The second affidavit of Barber Forrest establishes that ARA had no knowledge that Adkins was a reckless or incompetent driver. "It was incumbent upon [plaintiffs], in opposing defendant [ARA's] motion for summary judgment, to show that [ARA] had 'actual knowledge of a pattern of reckless driving or facts from which such knowledge could be reasonably inferred in order to preserve the issue for jury determination.' *Saunders*, supra, Division 7. The evidence presented by [plaintiffs] simply does not support such a determination or inference." *May v. Phillips*, supra.

3. Plaintiffs contend the trial court erred in granting ARA's motion for summary judgment because Barber Forrest's second affidavit was contrary to his earlier deposition testimony. In this regard, plaintiffs point out that in his affidavit Forrest averred he personally instructed Adkins that the ARA vehicle was to be used for business only while in his deposition Forrest stated that he did not personally orient Adkins although ARA's policy was "reiterated at our meetings."

Ordinarily, summary judgment should not be granted where a question of credibility is raised upon a material issue in the case. *Ash v. Spear*, 137 Ga. App. 12, 13 (223 SE2d 26). But see *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). On the other

hand, summary judgment is not inappropriate where contradictory statements are made with regard to wholly immaterial matter. See generally *Raven v. Dodd's Auto Sales & Svc.*, 117 Ga. App. 416, 422 (4) (160 SE2d 633). In this case, Forrest's seemingly contradictory statements do not touch upon material matters. The orientation of Adkins concerning the use of ARA's vehicle has no bearing upon respondeat superior or negligent entrustment issues.

4. The trial court did not err in granting defendant ARA's motion for summary judgment.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JANUARY 14, 1988 —
REHEARING DENIED JANUARY 27, 1988 — 

*John W. Timmons, Jr.*, for appellants.
*Eve A. Appelbaum*, for appellees.