76414. MITCHELL v. RAINEY.
(370 SE2d 673)

BIRDSONG, Chief Judge.

This is an appeal from the order of the superior court granting appellee's motion for summary judgment.

The facts in this case are in dispute; however, those facts most favorable to the appellant/plaintiff are as follows. Appellant went to the Soap Opera laundromat to do her laundry. She washed her clothes and obtained a cart to take them to the dryer. Pushing the cart in front of herself on the way to the dryer, appellant slipped and fell on a foreign substance on the floor. She was looking in front of

herself as she pushed the cart, but could not see the substance on the floor. After her fall, she observed the substance on the floor, and it appeared to be melted ice cream. At that time, she observed "the ice cream had melted down into a puddle after being dropped on the floor." Appellant opined that "[b]ased on the size of the puddle and how much ice cream had melted, [she] would estimate that the ice cream had been on the floor for at least five to ten minutes."

The Soap Opera is located in a center location of a small shopping center. A fish market, ice cream/hot dog parlor, grocery store, beauty shop and barber shop are also in the shopping center. The Soap Opera has a video game room in the back. Children would come into the Soap Opera with their parents and would play the video games while they waited. Although there was a strict policy against children bringing food into the laundromat, no signs prohibiting the practice were posted, and the only means of enforcing the policy was to stop children seen with food from entering the premises.

On the day of the accident, Mr. Rainey who was the owner and his employee, Ms. Sharon Mitchell-Parker (hereinafter referred to as Ms. Parker) were on the premises. Ms. Parker's duties included that of "picking up after the customers and making certain that the floors at all times remained clean, dry and free of debris." She performed these orally assigned duties as necessary and mopped the floors if needed. She was responsible for patrolling the entire area and keeping it clean. There is no evidence establishing that either the appellee or his employee, Ms. Parker, had actual knowledge of the spilled substance prior to the injury. Mr. Rainey did not witness the accident; he heard a noise and on investigation found that the appellant had fallen. Mr. Rainey attributes appellant's fall to another cause not here relevant. In response to specific questions posed, Mr. Rainey testified as follows during his deposition: "Q. Do you remember what Ms. Parker had been doing in the laundromat [area] in the 15 to 20 to 30 minutes before Ms. Mitchell had fallen? A. Ms. Parker was cleaning the top of the washers, getting the soap off the washers, and basically sweeping the floor and mopping. If anybody spilled some water she would mop the floor. Q. I'm not talking about her general duties right now, I'm talking about specifically do you remember where she was and what she was doing? A. I could tell you, in this general area here cleaning up the area, it's between "B" and "C" [on appellee's diagram attached to his deposition]. This general area here where the top washers are [the area appears to be only several feet from the point of the alleged accident when appellee's diagram is compared with appellant's diagram which also is contained in the record] *because when I heard the noise that's where she was.*" (Emphasis supplied.)

In *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327), the Supreme Court held that in slip and fall cases involving a foreign sub-

stance on the floor " '[b]efore an owner can be held liable for the slippery conditions of his floors . . . it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care'. . . . [O]nly 'when the perilous instrumentality is known to the owner or occupant and not known to the person injured [is] a recovery . . . permitted.' [Cits.] Normally a proprietor is permitted a reasonable time to exercise care in inspecting the premises and maintaining them in a safe condition. [Cits.] . . . Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive. In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor 'was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard.' [Cits.]"

In *Mitchell v. Food Giant*, 176 Ga. App. 705, 708-709 (337 SE2d 353), we stated that there are " 'two different classes of cases which may be based on constructive knowledge of a defect.' The first class was said to require a statement of the period of time the dangerous condition has been allowed to exist, from which a jury could conclude the defendant breached his duty to inspect the premises and keep them in a safe condition. The second class of case involves actual or constructive knowledge of the dangerous condition, and, as to evidence of constructive knowledge, we said that where it was alleged that defendant's employees were in the immediate area of the dangerous condition and could easily have seen the substance, 'it is not necessary to allege any specific length of time that the condition had existed'. . . . The rule actually is that a defendant's constructive knowledge of a foreign substance may be shown where the defendant had an 'opportunity to discover the [defect]'. . . . We conclude there never has been a rule in this state that liability can be shown by nothing more than the fact that the defendant's employee was in the immediate area of the hazardous substance. In every case, the rule that states that proposition also requires a finding that the defendant's employee had 'an opportunity to discover and remove the hazard,' which can only be shown . . . by evidence that the hazard existed for a length of time sufficient for the defendant to discover . . . and remove it." In this case, where there was melted ice cream on the floor, the amount of time for ice cream to melt would of necessity be a jury question.

In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Bridges v. Interstate Truck Leasing*, 171 Ga. App. 361 (319 SE2d

531); see *Dickson v. Dickson*, 238 Ga. 672, 675 (235 SE2d 479), citing *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442). Moreover, opinion evidence can be sufficient to preclude the grant of summary judgment. *Dickson*, supra at 675. The movant has the burden "to show that no material issue remains, and the pleadings will be construed and inferences from the evidence interpreted favorably toward making and retaining a genuine issue of fact." *Hansford v. Robinson*, 255 Ga. 530 (2) (340 SE2d 614).

Applying the above test to the operative facts and law, we find that the trial judge erred in granting appellee's motion for summary judgment, as a genuine issue of material fact existed within the meaning of OCGA § 9-11-56 (c). Compare *Shiver v. Singletary*, 186 Ga. App. 746 (368 SE2d 523) and *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257 (366 SE2d 785).

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 13, 1988.

*Richard E. Stark*, for appellant.
*Stephen L. Cotter, Kent K. Carter*, for appellee.