### 76816. WILLIS v. ALLEN et al.
(373 SE2d 79)

BEASLEY, Judge.

Plaintiff Willis appeals the grant of summary judgment to defendants Virginia Boring and Paul Boring in her personal injury action.

Willis was injured when her car was struck by a car driven by Gregory White, who allegedly ran a stop sign. White was the adult brother of Virginia Boring, the car owner, and brother-in-law of Paul Boring, whose insurance policy covered the car.

White had lived with the Borings for a period after their marriage, but for about a year prior to the accident he lived with his parents and his other brother and sister-in-law. Because the parents were away on vacation, Virginia Boring borrowed their van. She left her car parked at her parents' house with the keys in it, as a matter of habit and because it might have to be moved.

White's driver's license had been suspended about six months before the collision, which the Borings knew, and his car was not in working condition. Although the Borings had allowed White to borrow their cars when he lived with them, there was no evidence that they had done so since his move.

On the day of the collision, White took the car without the knowledge or express permission of either Boring. When asked in

deposition how he got the car, he stated: "I just got in it and drove it. The keys was [sic] in it. . . . I knew I shouldn't be driving it. That's why I didn't ask."

Virginia Boring deposed that her brother had asked to borrow her car on one occasion while his license was suspended and she refused.

Plaintiff's legal theory against the Borings was that, knowing of defendant White's bad driving record (he had traffic convictions for running a red light, driving with an expired license, two DUI's, and driving an unsafe vehicle), they had negligently entrusted him with their car. The family purpose doctrine is inapplicable. OCGA § 51-2-2; see *Vaughn v. Butler*, 103 Ga. App. 884, 886 (1) (121 SE2d 72) (1961).

The court granted the Borings' motion for summary judgment, finding "there is simply no evidence whatsoever of any conscious approval of allowance by defendants . . . Boring permitting defendant White to operate the vehicle."

Defendant offered no affidavits in opposition to the motion, relying on defendants' depositions and her theory that White had the "implied consent" of the Borings to drive the car, since they had not specifically denied him its use. In their affidavits, the Borings stated that they had an understanding with White that he would not drive the car while his license was suspended.

Willis' position is that there is evidentiary support for "implied consent" and that a jury should be allowed to decide the credibility of the Borings and White.

In order "[t]o prevail on a motion for summary judgment [OCGA § 9-11-56], a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. [Cits.]" *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981); *Duenas v. Bence*, 174 Ga. App. 80, 82 (329 SE2d 260) (1985).

" 'Under the theory of negligent entrustment, "liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. [Cits.]" *Saunders v. Vikers*, 116 Ga. App. 733, 735 (158 SE2d 324).' [Cit.]" *Wallace v. ARA Svcs.*, 185 Ga. App. 639, 641 (2) (365 SE2d 461) (1988).

Plaintiff, in the face of the affidavits and depositions of the Borings and the deposition of White that White did not have permission to drive the automobile, contends that she may imply consent from

the fact that the car was left at their parents' house with the keys in it. However, "there is no liability arising from the fact of keys being left in a car." *Robinson v. Pollard*, 131 Ga. App. 105, 107 (1) (205 SE2d 86) (1974); *Dunham v. Wade*, 172 Ga. App. 391, 393 (2) (323 SE2d 223) (1984); *Chester v. Evans*, 115 Ga. App. 46 (153 SE2d 583) (1967).

The leaving of the keys in the car was thus insufficient to raise an inference of implied consent in and of itself. Negativing the possibility of such an inference is Mrs. Boring's statement that since White's license had been suspended she had denied him use of her car on a specific occasion and that he "understood" he was not to use it, as well as White's statement that he knew he was not to take the car, and Mr. Boring's denial that White had permission.

Despite plaintiff's argument that there are inconsistencies in the affidavits of the Borings when compared with their depositions, there are none material. See *Gentile v. Miller, Stevenson, &c.*, 257 Ga. 583 (361 SE2d 383) (1987); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986). Thus, their testimony pierces the allegations of the pleadings, and plaintiff did not refute this testimony or impeach the witnesses so as to make a jury issue. The argument that the nature of the witnesses' testimony and their relationship to each other in this case *itself* creates an issue of fact as to its credibility is not legally sound. An issue of credibility is not raised where there is no conflicting or contradictory evidence on a material matter or impeachment, or inherent discredit. *Raven v. Dodd's Auto Sales & Svc.*, 117 Ga. App. 416, 421 (3) through (5) (160 SE2d 633) (1968); see *Wallace*, supra at 641 (3). Defendants were entitled to summary judgment. *Wallace*, supra; *Pague v. Pendley*, 177 Ga. App. 573 (340 SE2d 190) (1986); *Bunch v. Stanton*, 174 Ga. App. 233, 235 (2) (329 SE2d 538) (1985).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 13, 1988.

*Lawrence O. Guillory*, for appellant.
*Cubbedge Snow, Jr., Paul M. Knott, John C. Daniel III*, for appellees.