A89A0409. KITCHENS v. RESTAURANT MANAGEMENT
SERVICES, INC.
(385 SE2d 11)

BIRDSONG, Judge.

Mrs. Kitchens, plaintiff in a slip and fall case, appeals from the grant of summary judgment to the defendant, Restaurant Management Services, Inc. (Restaurant Management). Mr. and Mrs. Kitchens visited a restaurant operated by Restaurant Management, and after placing their order, both visited the self-service salad and soup bar. While Mrs. Kitchens was returning to their booth, she slipped on a french fry and fell to the floor, injuring her knees.

Both Mr. and Mrs. Kitchens' depositions revealed that Mrs. Kitchens fell in a walkway between two rows of booths, and not in the waitress' walkway area as their brief asserts. Neither Mr. nor Mrs. Kitchens saw the french fry before Mrs. Kitchens fell, and neither had any idea how long the french fry may have been on the floor before she slipped on it. The walkway was used by patrons going to and from the salad bar, entering and leaving the booths, and also by employees of the restaurant serving food and cleaning the booths. Neither Mr. nor Mrs. Kitchens had any idea what opportunity the employees of the restaurant might have had to see the french fry, and no employee of the restaurant, nor anyone else, told them that they had observed the french fry before Mrs. Kitchens fell.

The restaurant manager's deposition revealed that Mrs. Kitchens fell at a very busy time. He denied any knowledge of any foreign substance on the floor, including a french fry, and stated that it was company policy to police the floor constantly and that anything found on the floor is cleaned up immediately. He also testified that food is carried from the kitchen to the booths on serving trays, and that the dining room is constantly checked for anything on the floor.

Restaurant Management moved for summary judgment asserting that it had no knowledge, either actual or constructive, of any french fry on the floor and that it exercised ordinary care in keeping the premises safe. Mrs. Kitchens' rebuttal was that there were questions of fact remaining on the issues of knowledge by the appellee and whether ordinary care was exercised. The trial court, however, granted summary judgment to Restaurant Management. Mrs. Kitchens now appeals asserting that the trial court erred by granting summary judgment when questions of fact remained. *Held*:

1. The Supreme Court of this state restated the test for liability of the proprietor in cases such as this in *Alterman Foods v. Ligon*,

246 Ga. 620 (272 SE2d 327). The Supreme Court held that while the owner or occupier is liable to invitees for his failure to exercise ordinary care in keeping the premises safe, before he can be held liable for a slip and fall caused by a foreign substance on the floor it must be proven that he was aware of the substance or would have known of it if he had exercised ordinary care. Id. at 622. While there appears little doubt that Mrs. Kitchens fell on a french fry, there is no evidence that Restaurant Management nor any of its employees had any knowledge of the french fry before she fell.

Although Mrs. Kitchens attempts to rely on the rule that constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could have easily noticed and removed the hazard, there is no evidence that there were employees in the area before Mrs. Kitchens fell, or that any employee was in a position to see the french fry when it was on the floor. While it may be assumed that employees of the defendant were using the walkway at some time, there is no evidence that any employee was present when Mrs. Kitchens fell, or shortly before, and it is apparent from the record that guests of the restaurant were also in the immediate vicinity. There is also no evidence how long the french fry was on the floor before Mrs. Kitchens slipped and fell. While the plaintiff wants us to infer that an employee of the defendant dropped the french fry, there is no evidence to support the inference. Moreover, there is no evidence that the french fry was in view of any employee or even that it could be seen. See *Sharpton v. Great A & P Tea Co.*, 112 Ga. App. 283, 284 (145 SE2d 101). Further, there is also no indication that any employee of the defendant was in a position to see the french fry any more easily than was Mrs. Kitchens. Thus, a supposition that employees may have been in the area is not enough. " '(T)here never has been a rule in this state that liability can be shown by nothing more than the fact that the defendant's employee[s were] in the immediate area of the hazardous substance. In every case, the rule that states that proposition also requires a finding that the defendant's employee[s] had "an opportunity to discover and remove the hazard," which can only be shown, and in fact in the early cases was shown, by evidence that the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it. . . . [Cit.]' " *Rush v. Food Giant*, 183 Ga. App. 388, 392 (358 SE2d 919); accord *Mitchell v. Food Giant*, 176 Ga. App. 705, 709 (337 SE2d 353). Here, of course, there is no such evidence.

Further, Mrs. Kitchens admittedly had no idea how long the french fry may have been on the floor. Consequently, although she asserts that Restaurant Management's general policy of constantly checking the floor for foreign substances and picking up or cleaning

up anything on the floor is not sufficient to prove that the policy was followed on the night she fell, this factor does not overcome her inability to prove how long the french fry was on the floor. *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (366 SE2d 781). In this case, Mrs. Kitchens' evidence is only that she slipped and fell in the restaurant, and that after she fell she noticed that she had apparently slipped on a french fry. This sort of evidence has never been sufficient to support a recovery. "To presume that because a customer falls in a store the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety, a status not imposed by the law of this state. *Key v. J. C. Penney Co.*, 165 Ga. App. 176 (299 SE2d 895)." *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641). Accordingly, Mrs. Kitchens' evidence is not sufficient to establish a genuine issue of fact on whether Restaurant Management had the requisite knowledge of the french fry, either actual or constructive. Consequently, Mrs. Kitchens has failed to establish one of the essential elements of her cause of action. *Gateway Mgmt. Co. v. Sutton*, 189 Ga. App. 296, 297 (375 SE2d 462). Accordingly, the first enumeration of error is without merit.

2. The appellant also enumerates as error that there was a question of fact whether the defendant had exercised reasonable care in inspecting the premises. This assertion can only be based upon the defendant's failure to detect the french fry before Mrs. Kitchens fell regardless of how short a time it may have been there. "It is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous. [Cits.]" *Mazur v. Food Giant*, 183 Ga. App. 453 (359 SE2d 178). Consequently, the failure to detect the french fry in the absence of any evidence of how long it was on the floor is not sufficient to create an issue of fact. *Food Giant v. Cooke*, supra; *Mitchell v. Food Giant*, supra. Thus, the second enumeration of error is also without merit, and summary judgment was properly granted to Restaurant Management. *Alterman Foods v. Ligon*, supra.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 13, 1989.

*Dozier, Akin & Lee, A. Burton Lee, Liz Dozier*, for appellant.
*Jones, Cork & Miller, Bradley J. Survant*, for appellee.