A89A1774. CLEMONS v. PIGGLY WIGGLY, INC.

(387 SE2d 600)

SOGNIER, Judge.

James Clemons, Sr. brought suit against Piggly Wiggly Southern, Inc. seeking damages for injuries he incurred when he slipped and fell in a store operated by the defendant. The trial court granted Piggly Wiggly Southern's motion for summary judgment and Clemons appeals.

The record reveals that on April 24, 1987, appellant and his wife were visiting appellee's grocery store in Eatonton when appellant fell in aisle eight of the store after slipping on a brown colored liquid, the color of the floor, which had accumulated in a puddle about a foot away from the shelf. In his deposition appellant characterized the liquid as "shampoo" and stated he did not see an empty shampoo bottle

but noticed other shampoo bottles stocked on the shelves. An employee of appellee's, who was also in aisle eight at the time appellant fell, testified by deposition that she was buying groceries prior to beginning her work shift and that she saw appellant fall in the shampoo. She recalled seeing a puddle of shampoo, a 16-ounce bottle of shampoo (which she stated was nearly empty), and cat litter on the floor. She testified that the cat litter was "on top of" the shampoo and that there was "a lot" of cat litter, noting that it "was in the wrong place." Linda Martin, the custodian of the store at the time of the incident, testified by deposition that her duties included making sure there was nothing on the floor in the store aisles and that she patrolled the store aisles "constantly" except when she was cleaning the rest rooms. She stated that when she arrived to clean up the spill she examined the bottle of shampoo. Martin testified that the bottle was empty and that she found that it had "a cut" in it. Following the trail of shampoo, she discovered that the bottle had fallen from one of the lower shelves.

We reverse. " '[B]efore an owner can be held liable for the slippery conditions of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care.' [Cits.] . . . Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive." *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980). The evidence in this case raises several questions of fact for the jury to decide. We agree with appellant that *Mitchell v. Rainey*, 187 Ga. App. 510 (370 SE2d 673) (1988) is closely analogous to the facts in the case sub judice. In *Mitchell* the plaintiff fell on a puddle of melted ice cream. After discussing the rule applicable to situations where the property owner's opportunity to discover a foreign substance is raised, this court found that "where there was melted ice cream on the floor, the amount of time for ice cream to melt would of necessity be a jury question." Id. at 512. Similarly, we find that the amount of time for the shampoo to seep out of the bottle would necessarily be a jury question.

We also agree with appellant that the presence of the cat litter on the shampoo raises questions for jury determination. The depositions of record contain references to the fact that the area in aisle eight where appellant fell was stocked with shampoo and hairspray. The record does not reflect that cat litter was stocked in the same area. Thus, it can reasonably be inferred from the record that the shampoo had been present long enough either for a patron to have spilled "a lot" of cat litter onto the liquid accidentally or for someone to have placed the cat litter deliberately on top of the shampoo, perhaps to

absorb it. The unexplained presence of the large amount of cat litter in the shampoo distinguishes this case from *Queen v. Kroger Co.*, 191 Ga. App. 249 (381 SE2d 413) (1989), cited by appellee, in which the plaintiff, having fallen on grapes, asserted that the smashed condition of two other grapes on the floor constituted evidence that the dangerous condition had existed for a sufficient period of time to afford the defendant a reasonable opportunity to discover and remove them. We dismissed the plaintiff's argument in *Queen* on the basis that the condition of the grapes provided no indication of the length of time they had been on the floor, since the grapes could have been smashed by the plaintiff herself or by another patron immediately before the plaintiff. Here, however, the time frame between appellant's fall and the arrival of appellee's employee who noticed the cat litter shows that the cat litter was present in the shampoo not because of any act of appellant, and the amount of the cat litter, as well as its propitious placement on top of the spilled shampoo, raises a reasonable inference here, unlike *Queen*, supra, that sufficient time had passed since the spill for appellee to be charged with constructive knowledge.

" 'Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Cits.) In terms of evidentiary standards, the award or denial of summary judgment is analogous to the granting or the denial of a directed verdict. (Cit.) All evidence must be construed against the movant; the party opposing the motion is to be given the benefit of all reasonable doubts and favorable inferences. (Cits.) Moreover, when the movant is the defendant, he bears a double burden: he must pierce the plaintiff's pleadings and affirmatively negate one or more of the elements of plaintiff's case, and he must establish that there are no genuine issues of material fact to be tried. (Cit.)' [Cit.]" *Piggly Wiggly Southern v. Thigpen*, 188 Ga. App. 839, 841 (374 SE2d 773) (1988). "Applying the above test to the operative facts and law, we find that the trial judge erred in granting appellee's motion for summary judgment, as a genuine issue of material fact existed within the meaning of OCGA § 9-11-56 (c). [Cits.]" *Mitchell*, supra at 513.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 26, 1989.

*William J. Sussman*, for appellant.
*Martin, Snow, Grant & Napier, Barbara S. Boyer, John C. Ed-*

*wards*, for appellee.