A92A0661. WILEY v. WINN DIXIE STORES, INC.
(420 SE2d 20)

SOGNIER, Chief Judge.

Robert Wiley brought suit against Winn Dixie Stores, Inc. seeking damages for injuries he allegedly sustained when he slipped and fell on a foreign substance in the aisle of a Winn Dixie grocery store. The trial court granted Winn Dixie Stores' motion for summary judgment, and Wiley appeals.

In his deposition, appellant stated that he and a friend were walking down an aisle at the grocery store when his left leg went out from under him and he fell, tearing ligaments in his left knee. Appellant deposed that both he and the store manager who came to his assistance saw and commented upon a spot on the floor, somewhat larger than a quarter and grayish-brown in color, which was visible to someone looking down at the floor. Appellant deposed that the spot had a black scuff mark along its edge that spread outward, which had been created by the heel of appellant's boot when he fell. Appellant stated that the spot seemed to have been a liquid of some kind but

that it appeared to have thickened. Appellant opined that the thickness was caused by dirt the liquid had collected. He also opined that the spot had been present on the floor for two hours and testified that his estimate was based on the number of customers present in the store and the dirty condition of the spot. Appellant admitted he did not know the nature of the substance in which he slipped and acknowledged that his estimate of two hours was a "guess."

In support of its motion for summary judgment, appellee introduced the affidavit of Frank Nobles, who was the assistant manager of the grocery store at the time of appellant's fall. Nobles averred that he had walked down the aisle where appellant slipped five minutes before the fall and saw no foreign substance or accumulated wax there. He stated that he was looking down the aisle at the time appellant fell, saw the fall, and went immediately to the scene. He averred that the floor was clean, that there was nothing present on which appellant could have slipped, and that in his opinion appellant's fall was an accident.

We affirm the trial court's grant of summary judgment to appellee. Although the evidence conflicted whether the spot existed *after* appellant's fall, that issue is not material to a determination of appellee's liability, since the material issue in this case is whether appellee, as the proprietor, had actual or constructive knowledge "that there [was] a foreign substance that *could cause* patrons to slip and fall," i.e., knew that the spot was on the floor *before* appellant's fall, in order to determine whether appellee exercised ordinary care in keeping its premises safe. *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980). Because it is only where the contradiction by other witnesses is as to a matter relevant and material to the issue that it is error to grant a motion for summary judgment, *Raven v. Dodd's Auto Sales & Svc.*, 117 Ga. App. 416, 422 (4) (160 SE2d 633) (1968), our review of the record must be directed to evidence material to appellant's claim.

The record reveals that appellant adduced no evidence to controvert Nobles' averral that he did not see the spot when he traversed the aisle *prior* to appellant's fall. Therefore, the evidence is uncontroverted that appellee did not have actual knowledge of the presence of the spot. See generally *Filmore v. Fulton-DeKalb Hosp. Auth.*, 170 Ga. App. 891, 892-893 (318 SE2d 514) (1984). As to constructive knowledge of the spot, such knowledge " 'may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. (Cit.) Liability based on constructive knowledge may also be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition

was allowed to exist. (Cits.)' (Emphasis [deleted].) [Cit.]" *Food Giant v. Cooke,* 186 Ga. App. 253, 254 (366 SE2d 781) (1988). Although the evidence of record reflects that Nobles was in the general vicinity at the time of appellant's fall, there is no evidence that he or any other employee of appellee was in a position to observe the spot prior to the fall in order to discover and remove it. See *Kitchens v. Restaurant Mgmt. Svcs.,* 192 Ga. App. 313, 314 (385 SE2d 11) (1989). Compare *Caree v. Revco Discount Drug &c.,* 175 Ga. App. 487, 488-489 (333 SE2d 387) (1985) (presence of security guard who passed location of fall immediately prior to occurrence raised question of fact regarding constructive knowledge). Given Nobles' uncontroverted statement that he had patrolled the aisle five minutes before appellant fell without observing any foreign substance there, we do not agree with appellant that a genuine issue of material fact remains regarding any failure by appellee to exercise reasonable care in inspecting the premises, see *Mazur v. Food Giant,* 183 Ga. App. 453-454 (1) (359 SE2d 178) (1987), and we do not agree with appellant that his testimony regarding the dirty appearance of the spot constituted circumstantial evidence which would controvert the direct evidence in Nobles' affidavit that the spot had not been present five minutes before appellant's fall. Id. at 454 (1). The mere fact that the liquid on the floor appeared to appellant to be dirty provides no indication of the length of time the liquid had been on the floor since the liquid, which could have fallen on the floor after Nobles traversed the aisle, could have been naturally thick and grayish-brown in color or could have been stepped on or run over by a grocery cart by a patron using the aisle after Nobles but before appellant. See *Queen v. Kroger Co.,* 191 Ga. App. 249, 250 (1) (381 SE2d 413) (1989). The existence of multiple alternative reasons for the dirty appearance of the spot, see id., distinguishes this case from those cases where the nature or condition of the foreign substance on the floor raised a reasonable inference that sufficient time had passed since the substance appeared on the floor to charge the owner with constructive knowledge. See *Mitchell v. Rainey,* 187 Ga. App. 510, 512 (370 SE2d 673) (1988) (melted ice cream); *Clemons v. Piggly Wiggly,* 193 Ga. App. 309, 310 (387 SE2d 600) (1989) (shampoo seeped out of cut in 16-ounce bottle).

Therefore, because the record establishes that the only contradictory evidence involves an immaterial matter, see *Wallace v. ARA Svcs.,* 185 Ga. App. 639, 641-642 (3) (365 SE2d 461) (1988); that appellant adduced no evidence of actual knowledge by appellee of the hazard's existence prior to the fall; and that appellee's evidence pierced appellant's allegations regarding constructive notice, see *Brooks v. Kroger Co.,* 194 Ga. App. 215 (1) (390 SE2d 280) (1990), we hold that the trial court's grant of summary judgment to appellee was proper.

*Judgment affirmed. Cooper, J., concurs. McMurray, P. J., concurs specially.*

McMURRAY, Presiding Judge, concurring specially.

While I do not entirely agree with the analysis stated in the majority opinion, there can be no doubt that the affirmance of the superior court is correct. Plaintiff testified that the color of the spot on the floor was a different color than the floor and did not blend in with the floor, so that if he had looked down he could have seen it. This evidence clearly shows that, regardless of whether defendant should have been aware of the spot on the floor, plaintiff failed to exercise ordinary care for his own safety by making use of his senses to discover and avoid hazards in his path. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234).

DECIDED MAY 29, 1992 —
RECONSIDERATION DENIED JUNE 11, 1992 — ▮▮▮▮▮▮

*Richard Phillips*, for appellant.
*Lee, Black, Scheer & Hart, Steven E. Scheer, Albert E. Clark*, for appellee.