## A93A1321. FOODMAX, INC. v. TERRY.
(436 SE2d 725)

JOHNSON, Judge.

Catherine Terry brought this action against Foodmax, Inc. for injuries she allegedly sustained when she slipped and fell on a foreign substance at a Foodmax supermarket. The trial court denied Foodmax's motion for summary judgment and we granted Foodmax's application for interlocutory appeal.

Reviewing the evidence in favor of Terry as the nonmovant on a motion for summary judgment, the record reveals that Terry was walking down an aisle of the Foodmax store searching the shelves for some peas when she slipped and fell on two small puddles of a dark substance resembling cola. Terry testified in her deposition that her husband was pushing a grocery cart and she was walking at least five feet behind him. She stated that, after falling, she saw a dark substance on the floor that had dried and was sticky. She stated that the floor of the store was a light color and that had she been looking at the floor she would have seen the substance; however, she "was looking for what she was getting."

By affidavit, Terry Slone, the store manager, and Mary Stell, a cashier, testified that Foodmax had a policy whereby all store employees were required to visually inspect the floors for any foreign substances and to remove and clean any such substances. Slone stated that he had conducted a visual inspection of the area where Terry fell approximately 20 minutes before the fall and that no foreign substances were present at that time. Stell stated that she had inspected the area where Terry fell approximately five minutes before the fall and saw no foreign substance. Stell further testified that at the time of the fall she and another employee were walking five to ten feet behind Terry and could not have seen the foreign substance on the floor because Terry was blocking their view. Both Slone and Stell conceded that after the fall they saw a small puddle of brown liquid near where Terry fell. Slone also stated that the substance appeared to be cola.

1. Foodmax argues that summary judgment should have been granted because no evidence exists that it had knowledge of the foreign substance on the floor. In order to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the customer must show the proprietor knew of the foreign substance or should have known of it had ordinary care been exercised. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). The inquiry here must begin with whether Foodmax had constructive knowledge of the substance since there is no evidence it had actual knowledge of the presence of the foreign substance on the floor. Constructive knowledge may be established by showing that an employee

of the proprietor was in the immediate area of the hazardous condition and could have easily seen the substance or that a foreign substance remained on the floor for such a time that ordinary diligence by the proprietor should have effected its discovery. *Jester v. Ingles Market*, 206 Ga. App. 327, 328 (425 SE2d 323) (1992). Foodmax negated the first theory by which constructive knowledge may be shown since it is undisputed that the only two employees near the affected area had their view of the area blocked by the plaintiff. See *Queen v. Kroger Co.*, 191 Ga. App. 249, 250 (1) (381 SE2d 413) (1989).

As to the second theory, a lack of actionable constructive knowledge may be established by presenting conclusive evidence that a customary inspection and cleaning program was in place and had been complied with on the day in question. *Mallory v. Piggly Wiggly Southern*, 200 Ga. App. 428, 430 (1) (408 SE2d 443) (1991). Here, the direct and undisputed testimony of two Foodmax employees established that the floor in the immediate area of Terry's fall had been inspected and contained no foreign substance twenty minutes prior to the fall and five minutes prior to the fall. "Where it appears a foreign object had not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it." (Citation and punctuation omitted.) *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (1) (359 SE2d 178) (1987).

In *Mazur*, this court held that the fact that the frozen vegetables on which the plaintiff slipped had thawed was not inconsistent with testimony that the vegetables had not been present ten to fifteen minutes earlier. Id. at 454 (1). We likewise reject Terry's contention that her testimony regarding the dry and sticky nature of the substance controverted the direct evidence in Stell's affidavit that the substance was not there five minutes before the fall. The mere fact that the cola appeared to be dry and sticky is not inconsistent with the testimony that it was not present five minutes earlier since cola is by its very nature sticky and it could have appeared dry by virtue of having dust tracked in it or having been run over by a grocery cart. See also *Queen*, supra at 250 (1). "[A] fact shown by direct, uncontradicted, reasonable and unimpeached evidence cannot be disproved by circumstantial evidence consistent with such direct evidence." (Citations and punctuation omitted.) *Mazur*, supra at 454 (1). Thus, the existence of multiple alternative reasons for the sticky nature of the spot distinguishes this case from those in which the nature or condition of the foreign substance raised a reasonable inference that sufficient time had passed since the substance appeared to charge the owner with constructive knowledge. See, e.g., *Mitchell v. Rainey*, 187 Ga. App. 510, 512 (370 SE2d 673) (1988) (melted ice cream). Accordingly, no issue of material fact with respect to Foodmax's knowledge of the foreign substance was established and the trial court erred in

denying its motion for summary judgment.

2. Foodmax also alleges the trial court erred in finding a material question of fact existed as to whether Terry exercised ordinary care for her own safety. "In order to recover for a slip and fall resulting from a foreign substance . . . the plaintiff must also show that he was without knowledge of its presence. The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). Terry testified that the floor of the store was light and the substance was dark and that had she looked down she would have seen it. Because Terry could have seen the hazardous condition had she looked, we find that she failed to exercise ordinary care for her own safety. See *Smith*, supra at 810. We reject Terry's contention that ordinary care did not require her to look where she was going because she was looking for what she wanted to purchase. Items of stock on shelves are not in themselves distractions and the plaintiff cannot rely on a "self-induced" distraction. *Riggs v. Great Atlantic &c. Tea Co.*, 205 Ga. App. 608, 609-610 (423 SE2d 8) (1992). The trial court erred in denying Foodmax's motion for summary judgment on this ground.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 12, 1993.

*Long, Weinberg, Ansley & Wheeler, Paul L. Weisbecker, J. M. Hudgins IV, Stephen H. Sparwath*, for appellant.
*Word & Flinn, Gerald P. Word*, for appellee.