A94A0088. CHAVES v. KROGER, INC.
(444 SE2d 606)

BEASLEY, Presiding Judge.

Chaves sued Kroger for injuries sustained when he slipped and fell at a Kroger supermarket. He appeals from the grant of summary

judgment to Kroger.

Viewing the evidence in favor of Chaves as the nonmovant on the motion, the record reveals that Chaves was pushing his cart down the frozen food aisle when he slipped and fell in front of the ice cream cooler. He testified at deposition that he did not know precisely what substance he had fallen on; he could not tell whether it was water, ice cream or milk. However, after he fell, both his jacket and pants were wet on the side on which he had fallen. He also testified that there appeared to be a line of the wet substance on the floor and that an employee began to clean it up afterward.

In support of its motion for summary judgment, Kroger submitted the affidavit of Dewberry, a frozen food clerk, who testified that he had been stocking items on the frozen food aisle a few minutes before Chaves fell and had seen a courtesy clerk sweeping the floor of the aisle at that time. When he finished stocking, he checked the floor of the aisle, found it to be clear and dry, and walked away. He returned a few minutes later, after he heard Chaves had fallen. He saw a trail of a white creamy substance on the floor near Chaves' grocery cart and saw the same substance in the basket of the cart from which he surmised that the substance had leaked onto the floor.

In opposition, Chaves produced the affidavit of Westbrook, a Kroger courtesy clerk, who testified that a supervisor had asked him to clean the area where Chaves fell shortly before the fall and that he was on his way to do so when he saw Chaves fall. As he helped Chaves up, his manager told him to put up a "caution wet floor" sign. He had cleaned that area of the floor on prior occasions due to a leaking freezer. He recalled that water had still been running from the freezer after the last time he had cleaned the floor.

"On a motion for summary judgment, the evidence must be construed most favorably to the opposing party, and the trial court must give him the benefit of all favorable inferences that may be drawn from the evidence." (Citations and punctuation omitted.) *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 258 (1) (366 SE2d 785) (1988). " 'The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. "The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted." (Cit.) . . . .' [Cit.]" (Emphasis in original.) *Garnett v. Mathison*, 179 Ga. App. 242, 243 (2) (345 SE2d 919) (1986).

Although the plaintiff is not exactly sure what he fell on, his testimony is that he fell on a liquid substance in front of the ice cream

cooler. This is consistent with his clothes being wet on the side he fell and his having seen a line of liquid on the floor afterward. Although Dewberry said he saw nothing on the floor a few minutes before the fall and that he saw a white creamy substance on the floor afterward, the testimony of Westbrook, another Kroger employee, raises questions of fact as to whether Kroger had superior knowledge of a wet, hazardous condition on the floor caused by a chronically leaking freezer and as to whether that condition was the cause of plaintiff's fall. See *Mazur v. Food Giant*, 183 Ga. App. 453 (2) (359 SE2d 178) (1987). Westbrook's testimony that a supervisor asked him to clean the floor in front of the freezer and that he was about to do so when Chaves fell indicates that water was on the floor at the time Chaves fell and that Kroger was aware of this condition. His testimony that he had previously cleaned the floor there due to water leaking from the freezer evidences Kroger's prior knowledge of a continuing dangerous condition. There was no evidence that Kroger tried to repair the leak or warn of its creation of a hazard. Finally, both Westbrook's testimony that his manager told him to put up a wet floor sign afterward and Chaves' testimony that he saw an employee cleaning the floor after his fall indicate that water was still on the floor after Chaves fell.

Thus, construing the evidence most favorably for the plaintiff, the evidence was sufficient to withstand Kroger's motion for summary judgment. See *Ramey*, supra at 258. This case is distinguishable from those in which we upheld summary judgment for the defendant storeowner where the plaintiff had no idea what caused his fall and the record was otherwise silent as to why the plaintiff fell. See, e.g., *Veazey v. F. W. Woolworth Co.*, 191 Ga. App. 601 (382 SE2d 411) (1989); *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641) (1987). Chaves essentially testified that he fell in a liquid substance, his clothes were wet after the fall, he saw a liquid substance on the floor afterward, and Kroger apparently was aware of a wet, hazardous condition on the floor caused by a leaking freezer. On this evidence, it cannot be said that the record is silent as to why the plaintiff fell.

Secondly, the evidence does not conclusively show a failure of plaintiff to exercise ordinary care for his own safety. His testimony that he was not looking directly at the floor at the time he fell because he was shopping for groceries does not alone show he was not exercising ordinary care. See *Food Giant v. Cooke*, 186 Ga. App. 253, 257 (2) (366 SE2d 781) (1988). "Looking continuously, without intermission, for defects in a floor is not required in all circumstances. What is a reasonable lookout depends on all the circumstances at the time and place." (Citations and punctuation omitted.) *Bodenheimer v. Southern Bell Tel. &c. Co.*, 209 Ga. App. 248, 249 (1) (433 SE2d

75) (1993). While we have held that a plaintiff fails to exercise ordinary care when she admits she could have seen the foreign substance on the floor had she been looking (see *Minor v. Super Discount Mkts.*, 211 Ga. App. 123, 124 (438 SE2d 384) (1993); *Foodmax, Inc. v. Terry*, 210 Ga. App. 511, 513 (436 SE2d 725) (1993); *Jester v. Ingles Market*, 206 Ga. App. 327, 329 (425 SE2d 323) (1992); *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991)), no such admission is present in this case. We cannot say Chaves should have seen the water when Dewberry, who inspected the area a few minutes before Chaves fell, apparently did not see it even though Westbrook had previously been sent to clean it up. For the foregoing reasons, we find the trial court erred in granting summary judgment to Kroger, as a genuine issue of material fact existed within the meaning of OCGA § 9-11-56 (c).

*Judgment reversed. Pope, C. J., McMurray, P. J., Cooper, Johnson and Smith, JJ., concur. Birdsong, P. J., Andrews and Blackburn, JJ., dissent.*

Andrews, Judge, dissenting.

I respectfully dissent from the majority's opinion. The trial court's grant of summary judgment was proper for two reasons.

First, the evidence here established that Kroger had complied with its duty to Chaves. In support of its motion for summary judgment, Kroger submitted the affidavit of a clerk, Larry Dewberry, in which he stated that he observed another Kroger clerk sweeping the area in which the fall occurred minutes before Chaves fell. After the aisle was swept and about two minutes before the fall, Dewberry checked the aisle to make sure that there were no foreign substances on the floor. He determined that the floor was completely clear and dry.

Chaves submitted the affidavit of Kroger employee Westbrook for the purpose of showing that Kroger knew that the substance was on the floor. In it, Westbrook stated that he had cleaned the aisle and was returning to the area to clean water he had seen running out from the freezer. Westbrook stated: "[o]n my way to clean the floor, I saw Chavez [sic] fall." Even according to the plaintiff's evidence, Kroger was exercising ordinary care in keeping the premises safe.

Kroger had done all that was possible to eradicate any spill from the area and had complied with its duty under Georgia law. "While a proprietor is liable to invitees for his failure to exercise ordinary care in keeping the premises safe, to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the customer must show that the proprietor knew of the foreign substance or should have known of it had ordinary care been exercised. *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980)." *Smith v.*

*Winn-Dixie Atlanta*, 203 Ga. App. 565 (417 SE2d 202) (1992); see also *Wiley v. Winn-Dixie Stores*, 204 Ga. App. 570 (420 SE2d 20) (1992). Here, the evidence is that a Kroger employee was on his way to the area to clean it, and that the area had been inspected no more than *two minutes* earlier. Given these facts, Kroger complied with its duty under Georgia law and this essential element of Chaves' complaint was pierced.

Secondly, there is no showing that Chaves exercised ordinary care for his own safety. At his deposition, Chaves testified that he was not looking at the floor at the time of his fall, but that he was pushing his buggy and was looking at his shopping list. He stated that he did not know what substance caused his fall. In a case similar to the instant one, *Minor v. Super Discount Markets*, 211 Ga. App. 123 (438 SE2d 384) (1993), this court stated: "[w]hen the perilous condition is known to the proprietor and *not known to the person injured*, a recovery is permitted, but the person injured is not excused from the duty to exercise ordinary care for her own safety." *Minor*, supra at 124. "The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations omitted.) *Alterman Foods*, supra at 623. Here, Chaves failed to exercise the requisite ordinary care for his own safety and should be barred from recovery.

I am authorized to state that Presiding Judge Birdsong and Judge Blackburn join in this dissent.

DECIDED MAY 27, 1994.

*S. George Handelsman*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Gregory H. Wheeler*, for appellee.