## A94A2068. MOORE v. WINN-DIXIE STORES, INC.
(454 SE2d 532)

BIRDSONG, Presiding Judge.

Johnnie Ruth Moore appeals the order of the superior court granting summary judgment on behalf of defendant, Winn-Dixie Stores, Inc., in a slip and fall suit. *Held*:

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474).

2. Appellant Moore asserts that she slipped and fell on water and strawberries on appellee Winn-Dixie's floor, and that a Winn-Dixie employee was in the immediate vicinity when she fell. There exists no evidence of actual knowledge on the part of appellee as to the presence of any foreign substance on its floor; appellant, however, asserts appellee had constructive knowledge of the foreign substance and failed to take prompt and proper corrective action.

(a) It is uncontroverted that appellee's produce department manager inspected the aisle and floor area where appellant fell approximately five to ten minutes prior to the incident; the floor was clean, dry, and free of any foreign substance at that time. Appellant, however, contends that a jury issue is created merely because an employee pushed a cart filled with unwrapped produce down the aisle where appellant fell only one or two minutes before the incident. " '(A)n inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility.' " *Derry v. Clements,* 197 Ga. App. 173, 174 (397 SE2d 594); accord *Green v. Sams,* 209 Ga. App. 491, 498 (1) (433 SE2d 678). Further, "[i]t is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous. [Cits.] Where it appears a foreign object had 'not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it.' " *Mazur v. Food Giant,* 183 Ga. App. 453 (359 SE2d 178); accord *Foodmax v. Terry,* 210 Ga. App. 511, 512 (436 SE2d 725). There exists no evidence showing that the appellee's premises, including the area in and adjacent to the produce department, are unusually dangerous. Accordingly, there is no actionable negligence in this case, and the trial court did not err in granting summary judgment on behalf of appellee/defendant. Id. The cases cited by appellant are factually distinguished from this case and are not controlling.

(b) Appellant testified that she was shopping and looking around,

picking up groceries, and the next thing she knew she fell; when she fell she was getting potatoes and was "just looking at the potatoes" and putting them in the buggy. Compare the facts of *Chaves v. Kroger*, 213 Ga. App. 348 (444 SE2d 606) (full court) with the facts of *Moore v. Winn-Dixie Stores*, 214 Ga. App. 157 (447 SE2d 122). *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485) is distinguishable factually and not controlling. However, in view of our holding in Division 2 (a), we need not determine whether under the circumstances here presented, appellant failed to exercise ordinary care for her own safety.

*Judgment affirmed. Ruffin, J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED JANUARY 13, 1995.

*Louis K. Polonsky*, for appellant.
*Fain, Major & Wiley, Gene A. Major, Darryl G. Haynes*, for appellee.